McRAE, Justice, for the Court:
On appeal from a judgment of the Circuit Court for the First Judicial District of Hinds County, Mississippi, this case presents the issue of whether a trial court has the authority to delete a stipulation and thereby change the final judgment, subsequent to the issuance of a Supreme Court mandate following appeal and decision by this Court. Finding that the trial court *392 was without power to change the final judgment after the mandate of affirmance, we reverse and render.
FACTS
This is the second appeal of this case.[1] Lisa Aeree obtained judgment in a civil action in the Circuit Court of the First Judicial District of Hinds County in the sum of $9,800.00 against James Collins in 1989. During the course of the proceeding in the trial court, the parties entered into a stipulation. Paragraph 1 of the stipulation provided as follows:
1. It is hereby understood, agreed and stipulated by and between the parties that Lisa I. Aeree has received the sum of $5,000.00 as settlement for any and all claims which she may have against the Northeast Insurance Company arising out of the automobile accident which gives rise to the present cause of action. It is understood, agreed and stipulated by and between the parties that in the event the plaintiff, Lisa I. Aeree, obtains a judgment against either or both defendants, City of Jackson or James Collins, then either or both defendants should be and are entitled to credit the $5,000.00 received from Northeast Insurance Company to reduce the total amount of any judgment obtained against one or both of said defendants.
Collins appealed, and Aeree filed no cross-appeal. On November 21, 1990, the cause was affirmed by this Court. 570 So.2d 250. On December 17, 1990, the following mandate was issued to the trial court:
Affirmed. Interest and statutory damages are awarded to appellee in the amount of $9,800, subject to stipulation of the parties. Appellant is taxed with all costs of this appeal.
On December 19, 1990, Aeree filed her motion in the trial court to set aside Paragraph 1 of the stipulation entered into prior to rendition of the original trial court judgment. Acree’s motion alleged that the stipulation should be set aside because it was entered into by her counsel by virtue of a mistake, is contrary to law, and is void. The trial court heard, considered, and sustained the motion. From the trial court’s order setting aside the stipulation, Collins appeals, contending the trial court erred in hearing the motion and setting aside the stipulation subsequent to its receipt of the mandate from this Court.
DISCUSSION
We are without a reason as to why the stipulation was made. It may well have been for strategy, or to avoid additional expensive litigation. However, without knowing the actual reason, we are left with what appears as Aeree “fiddled while Rome burned.” We are given no reason why some effort was not made by her to withdraw from the stipulation prior, during, or immediately subsequent to trial, if she even entertained the idea that her stipulation was flawed. Her failure to timely assert error, and cross-appeal if the trial court failed to grant proper relief, is fatal. To approve the trial court’s action in granting her motion, alleged in her brief but not shown in her pleadings to be made pursuant to Miss.R.Civ.P. 60(b), would sanction and ratify a flagrant departure from established procedure.
From time immemorial, we have adhered to the basic and elementary rule that our appellate affirmance ratifies, confirms, and declares that the trial court judgment was correct as if there had been no appeal. Upon issuance of our mandate, the trial court simply proceeds to enforce the final judgment. The execution of the mandate of this Court is purely ministerial. Denton v. Maples, 394 So.2d 895, 897 (Miss.1981). Miss.Code Ann. § 11-3-41 (Supp.1991) clearly states the duty of the trial clerk in this regard.
Aeree maintains that M.R.C.P. 60(b) provides the vehicle for the relief she sought and was granted. She points out that our Rule 60(b) differs from its federal counterpart by stating, “Leave to make the motion need not be obtained from the ap *393 pellate court unless the record has been transmitted to the appellate court and the action remains pending therein.” Aeree then argues that the relief sought by her in this case survived our appellate decision and controls the destiny of the cause.
Conceding (without deciding) that 60(b) relief may in some instances survive appellate decision, we are faced in this case with the serious question of whether Aeree may sit silently during trial of her cause, fail to timely assert alleged error in the trial court pertaining to her stipulation, abstain from appealing the alleged error, and wait until this Court has acted, affirmed the cause, and issued its mandate, before filing a 60(b) motion to change the final judgment by deleting her facially valid and binding stipulation. To permit such procedure would suspend the normal appeal prerequisites and the effect of the intervening decision, judgment, and mandate of this court. While there may be occasions when application of Rule 60(b) may be appropriate following an affirmance and issuance of a mandate by this Court, no such showing was made under the facts of this case.
In the early case of Henderson v. Winchester, 31 Miss. 290 (1856), this Court was presented with the question of whether the trial court to sustain had the authority a motion to quash execution and levy subsequent to appeal, judgment, and issuance of the appellate court mandate. In reversing the action taken by the trial court, the early Court stated:
Every matter adjudicated and involved in the record, became a part of the record, which proved itself. The decree was sent down to the Chancery Court solely for execution; and that court had no power to inquire whether that decree was erroneous for matter of fact existing at the time of its reñdition, any more than it had power to pronounce it erroneous for matter of law. As to the enforcement of the decree as rendered, in obedience to the mandate of this court, the power of the chancellor was ministerial rather than judicial. Upon any other principle, there would be no end to litigation, and however a question might be incidentally, but yet materially involved, and solemnly decided by this court, it would be the subject of re-examination in the court below, and that, too, when the decree was sent there upon a mandate for execution; and the power exercised by the chancellor in this case, if sanctioned, would subject to his revision every decree of this court sent to him for execution, and in which it did pot affirmatively appear that a particular question of law or of fact was adjudicated; and which the party thought ought to be settled by the chancellor, by re-opening the litigation.
Id. at 294.
The adoption of M.R.C.P. 60(b) did not alter, change or modify the pronouncements of the early court in Henderson. Comments to the rule properly set forth its purpose and parameters:
The rule simplifies and amalgamates the procedural devices available in prior practice.
⅝ sfs ⅝ ⅜ ⅜ sfc
Rule 60(b) does not depart significantly from traditional Mississippi practice with respect to relief from judgments, but it dispenses with the arcane writs and technical requirements of prior practice.
Rule 60(b) “is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies.” State v. One Chevrolet Nova Automobile, 573 So.2d 787, 790 (Miss. 1990).
In the case sub judice, Aeree, fully aware of the stipulation made by her attorney and its effect, sat silently through all the proceedings in the trial court and this Court without saying one word about any alleged mistake or error in its begetting. She could have litigated this issue, if indeed it was an issue, during the trial of her cause. The mandate, if believed to be erroneous, should have been addressed immediately by motion in this Court. Because of the circumstances of this case, she may not use 60(b) as a retrospective tool for extension of litigation.
*394 Therefore, this cause is reversed and rendered.
REVERSED AND RENDERED.
HAWKINS, C.J., and DAN M. LEE, and PRATHER, P. JJ„ and SULLIVAN, PITTMAN, ROBERTS and SMITH, JJ., concur.
BANKS, J., not participating.

. See Collins v. Acree, 570 So.2d 250 (Miss.1990), a per curiam affirmance.