# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-KA-00397-SCT

*CURTIS LYNN CROSS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/16/1998 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARIE WILSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/26/1999 |
| MOTION FOR REHEARING FILED: | 09/24/99; denied 11/18/99 |
| MANDATE ISSUED: | 11/29/99 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Curtis Cross was tried and convicted in the Circuit Court of Washington County of the crime of attempted rape of Febrina Aaron. Cross was sentenced to serve a term of 8 years, with 3 years suspended, and to pay restitution and court costs. We find that the verdict was not against the overwhelming evidence, that Cross was not denied a fair trial, and that the trial court did not err in failing to declare a mistrial. We therefore affirm the trial court.

# FACTS

¶2. Curtis Cross was employed with George Lewis Estates. He worked as an assistant with maintenance. On November 20, 1995, Cross and Earl Lee Winters were inspecting apartments. Around 1:00 p.m. they inspected the apartment in which Febrina lived. They completed the inspection and left the apartment. After leaving, Cross immediately returned to the apartment stating that he was going to get Febrina to sign the inspection papers. Cross later rejoined Earl Winters. About an hour after Cross rejoined Winters, the manager paged Winters and summoned them to the office. Febrina made an allegation to the manager that Cross had pushed her on the bed, took her clothing off, and had sex with her. When they arrived at the office, the manager, Febrina and Herbert Clark were there. Febrina was crying when they arrived. The manager asked Cross if he pushed Febrina on the bed. Cross denied pushing Febrina on the bed. The manager then asked Cross if he had sex with Febrina. Cross denied having sex with Febrina. During trial, the manager stated that the only time he asked Cross anything else, Cross made a statement saying that he did do wrong. However, Cross never said to whom he did wrong or what he did wrong.

¶3. On May 8, 1996, Cross filed a motion for suppression of involuntary admissions. Cross argued that the statements or admissions purportedly made were not freely and voluntarily given, but were a result of duress and coercion conducted by law enforcement officers. While in custody, Cross admitted to officer Tracy Giles that he did in fact have contact with Febrina and that they did have an oral sexual encounter, at which time he had oral sex with her. After a hearing on the motion, the trial judge found that the statement was voluntarily made without threats or coercion and denied the motion to suppress.

¶4. At trial, Febrina testified that Cross tried to have sex with her, but with her being a virgin, he could not. Further, she testified that after not being able to have sex with her, Cross started putting his tongue in her vagina. During trial, Cross presented no witnesses on his behalf.

¶5. Cross was convicted of attempted rape and sentenced to serve a term of 8 years, with 3 years suspended, make restitution and pay court costs. Cross's motion for a new trial was denied.

¶6. Aggrieved by the guilty verdict for attempted rape, Cross raises the following issues:

**I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN**

**IT DENIED APPELLANT'S MOTION FOR A DIRECTED VERDICT AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

**II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT A MISTRIAL AFTER THE JURY WAS ALLOWED TO HEAR TESTIMONY THE CONTENT OF WHICH WAS NOT PREVIOUSLY PROVIDED TO THE DEFENSE AND WHICH WAS PREJUDICIAL TO THE APPELLANT AND HAD THE EFFECT OF DENYING HIM A FAIR TRIAL.**

**III. THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE CUMULATIVE ERRORS AT TRIAL.**

## LEGAL ANALYSIS

### I. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE STATE FAILED TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT.

¶7. Cross contends that the verdict was against the overwhelming weight of the evidence. Cross claims that Febrina told nothing but lies throughout the trial. However, the reason for the lies would be speculation. Cross argues that to allow the verdict to stand would be to sanction an unconscionable injustice and, for that, asks to this Court for a reversal of his conviction.

¶8. The State contends that the record clearly shows that sufficient evidence existed to make a jury issue of Cross's guilt. Further, the State contends that Febrina's testimony shows that Cross committed the acts which constitute the crime of attempted rape and nothing was presented to refute it.

¶9. Our standard of review for the determination of whether a jury verdict is against the overwhelming weight of the evidence is as follows:

> "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." ***Herring v. State***, 691 So.2d 948, 957 (Miss. 1997). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. ***Herring***, 691 So. 2d

at 957; ***Benson v. State***, 551 So.2d 188, 193 (Miss. 1989); ***McFee v. State***, 511 So. 2d 130, 133-134 (Miss. 1987)).

***Collier v. State***, 711 So.2d 458, 461 (Miss. 1998) *(quoting **Pleasant v. State**, 701 So.2d 799, 802 (Miss. 1997))*.

¶10. Cross's main argument is that the overwhelming weight of the evidence is that Febrina told several lies. Cross asserts that Febrina lied about what she was wearing; she lied about the length of time Cross spent in the apartment; and that she lied about the reason why her mother's friend took at least an hour to get to the apartment.

¶11. Our case law holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime. ***McKinney v. State***, 521 So.2d 898, 899 (Miss. 1988); ***Goss v. State***, 465 So.2d 1079, 1082 (Miss. 1985) ("The victim's testimony alone is sufficient, although not corroborated, where it is consistent with the circumstances"). ***Christian v. State***, 456 So.2d 729, 734 (Miss. 1984).

¶12. "It is, of course, within the province of the jury to determine the credibility of witnesses...." ***Pleasant v. State***, 701 So.2d 799, 802 (Miss. 1997).

¶13. In the case sub judice, nothing in the record supports the allegation that Febrina lied in her testimony. Febrina stated that she was wearing a long nightgown. Later, during trial, counsel again asked Febrina if she was wearing a nightgown, she replied in the affirmative. We hold that the evidence was sufficient to support the verdict of guilty, therefore, Cross's contention that the verdict against the overwhelming weight of the evidence is without merit.

### II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT A MISTRIAL AFTER THE JURY WAS ALLOWED TO HEAR TESTIMONY THE CONTENT OF WHICH WAS NOT PREVIOUSLY PROVIDED TO THE DEFENSE AND WHICH WAS PREJUDICIAL TO THE APPELLANT AND HAD THE EFFECT OF DENYING HIM A FAIR TRIAL.

¶14. During direct examination, Febrina testified that Cross had told her she "deserved it." Counsel for Cross objected on the basis that the statement was not provided for in discovery and requested a mistrial. Counsel for the state admitted that he had not been told this before trial. The court sustained the objection and instructed the jury to disregard the statement, but denied Cross a mistrial.

¶15. Cross concedes that the trial judge correctly followed the procedure set out in URCCC 9.04 for when a discovery violation occurs, but that some errors are so egregious that cannot be cured. Therefore, Cross argues that the conviction should be reversed.

¶16. With Cross's consession that the trial court followed the proper procedure for a discovery violation, the ruling of the trial court is affirmed. Cross offers no support for his argument that the error is so egregious such as to warrant a reversal.

### III. THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE CUMULATIVE ERRORS EFFECT MADE AT TRIAL.

¶17. In this last assignment of error, Cross argues that along with the first two errors, there were other errors for which an objection was not lodged. Specifically, a deficient jury instruction regarding the evidence necessary to prove attempted rape and hearsay evidence.

¶18. Cross concedes that matters not presented at trial cannot be presented here on appeal and that hearsay evidence not objected to may be considered by the jury. However, Cross argues that this Court has held that although an individual error may not necessarily, by itself, be grounds for reversal, errors as a whole may result in the accused being denied a fair trial. Cross contends that all these errors combined denied him a fair trial and prays for a reversal of his conviction due to the cumulative effects of the errors made by the trial court.

¶19. In *Hansen v. State*, this Court stated "It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved." *Hansen v. State*, 592 So.2d 114, 127 (Miss. 1991), (*quoting* *Queen v. Queen,* 551 So. 2d 197, 199 (Miss. 1989), *see also*, *Smith v. State*, 724 So.2d 280, 309 (Miss. 1998)).

¶20. In the instant case, Cross offered no objection to jury instruction S-4 nor was there any other mention of hearsay evidence other than the above assignment of error. In fact, defense counsel stated on the record that there was no objection to jury instruction S-4. Further, during Willie Porter's testimony, there was no objection on hearsay grounds. For these reasons, this issue has not been properly preserved for review by this Court.

### CONCLUSION

¶21. In the case sub judice, the verdict was not against the overwhelming weight of the evidence; the trial court did not commit reversible error in failing to grant a mistrial; and Cross was not denied a fair trial. The judgment of the trial court is affirmed.

¶22. **COUNT I: CONVICTION OF ATTEMPTED RAPE AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, THREE (3) YEARS SUSPENDED; THREE (3) YEARS SUPERVISED PROBATION UPON RELEASE FROM THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; PAY $500.00 TO THE CRIME VICTIMS RELIEF FUND AND ALL OTHER ASSESSED COSTS AND FEES AFFIRMED.**


**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**