## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CT-00980-SCT

*SAMMY R. PURVIS*

*v.*

*MACY L. BARNES AND DANA A. SANDERS*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/1999 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN L. BEACH, III |
| ATTORNEY FOR APPELLEES: | DAVID WAYNE BARIA |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 7/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/9/2001 |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Macy L. Barnes and Dana A. Sanders filed suit against Sammy R. Purvis in the Hinds County Chancery Court seeking damages for Purvis's interference with the sale of a parcel of real estate from Barnes to Sanders. After a trial, the chancellor voided the contract between Barnes and Purvis, finding that Purvis had fraudulently induced Barnes into entering into the contract. The chancellor further awarded Barnes and Sanders punitive damages against Purvis in the amount of $5,000 each, and attorney's fees in the amount of $12,230.51. The chancellor, however, did not make an award of compensatory damages.

¶2. The Court of Appeals found that the award of punitive damages and attorney's fees was improper because there had not been an award of compensatory damages. The Court of Appeals further found that Purvis had properly preserved the issue for appeal, even though he did not file any post trial motions, and reversed and rendered. Barnes and Sanders then filed their Petition for Writ of Certiorari which this Court granted. Because the matter regarding the award of punitive damages without an award of compensatory damages was never presented to the trial court, we reverse and render the decision of the Court of Appeals, and reinstate the judgment of the trial court.

### FACTS

¶3. In its opinion, the Court of Appeals set forth the facts of the present case as follows:

The facts, as found by the chancellor below are as follows:

On or about February 2, 1996, Macy Barnes and her husband Mikel Barnes contacted Sammy Purvis, Dana Sanders and other investors to solicit bids on a piece of property located at 4829 Sunnybrook Road, Jackson, Mississippi, which was owned by Macy Barnes. After inspecting the

property that day, Sammy Purvis extended an offer of $11,000 to Macy Barnes's mother-in-law, Mrs. Dean Gray, who assisted in showing the property. On February 13, 1996, Mr. Barnes contacted the other investors, including Dana Sanders, to gauge their interest. Dana Sanders, along with several other investors, indicated an interest in inspecting the property with the intent to bid.

On February 14, 1996, Purvis, who is a licensed realtor, contacted Macy Barnes at her office. He increased his offer to $11,300 at that time contingent upon immediate acceptance of that offer. Ms. Barnes advised Mr. Purvis that she and her husband were awaiting other offers. In an effort to close the deal before other offers could be entertained, Mr. Purvis began pressuring Ms. Barnes to immediately accept his offer. Mr. Purvis told Ms. Barnes that he had spoken with Dana Sanders and that Mr. Sanders had represented that he had neither the financial ability nor the inclination to make an offer on the property. In fact, from his conversations with Mr. Sanders, Mr. Purvis knew the opposite to be true. Mr. Purvis further advised Ms. Barnes that no other investors were interested in the property. Furthermore, if she did not accept his offer, the property would not sell as he would bring his efforts to bear to assure such a result.

After the conclusion of the conversation, Ms. Barnes called her husband and told him of these events. Mr. Barnes called Mr. Purvis who repeated the same misrepresentations to Mr. Barnes. At that time, Mr. Purvis faxed a real estate contract to Ms. Barnes who signed it and faxed a return copy to Mr. Purvis. On the same day, but prior to this series of conversations, Mr. Purvis had called Mr. Sanders and offered him $500 to "back off this deal." Mr. Sanders rejected the offer and informed Mr. Purvis that he intended to bid on the subject property.

Later that day, Mr. Sanders called Ms. Barnes and offered her $12,000 for the property. Realizing that Mr. Purvis's representations concerning Mr. Sanders had been false, Ms. Barnes called Mr. Purvis and informed him that she was voiding the contract. Ms. Barnes followed this conversation with a written expression of her avoidance of the contract which was mailed to and received by Mr. Purvis. She subsequently sold the property to Mr. Sanders.

In several subsequent conversations with Mr. and Ms. Barnes, as well as with Ms. Gray, Mr. Purvis made numerous threats concerning the subject property. Mr. Purvis also left a message on the answering machine of Dana Sanders in which he promised to "deal you and them both some misery." On February 15, 1996, Mr. Purvis filed a lis pendens notice with the Hinds County Chancery Clerk which was later expunged by order of the chancery court. On May 29, 1996, after filing his answer and counterclaim in this matter, Mr. Purvis filed another lis pendens notice.

As stated earlier, at the conclusion of the trial on this matter the chancellor entered an order voiding the contract between Purvis and Barnes on the basis that it was fraudulently induced by Purvis. She also found that punitive damages were proper, even though she made no finding of actual damages, and ordered Purvis to pay punitive damages in the amount of $5,000 to Barnes and $5,000 to Sanders. In addition, the chancellor found that an award of attorney's fees was warranted in the amount of $12,230.51.

*Purvis v. Barnes*, No. 1999-CA-00980-COA at ¶¶ 3-8 (Miss. Ct. App. Aug. 1, 2000).

¶4. At the conclusion of the trial on this matter, the chancellor entered an order voiding the contract between Purvis and Barnes because it was fraudulently induced by Purvis. She also found that punitive

damages were proper, even though she made no finding of actual damages, and ordered Purvis to pay punitive damages in the amount of $5,000 to Barnes and $5,000 to Sanders. In addition, the chancellor found that an award of attorney's fees was warranted in the amount of $12,230.51.

¶5. Purvis filed no post-trial motions, but rather simply filed a notice of appeal. The appeal was assigned to the Court of Appeals which found that the awards of punitive damages and attorney's fees were improper because there had not been an award of compensatory damages. The Court of Appeals further found that since the matter was tried before a chancellor without a jury, Purvis was not required to file any post-trial motions to preserve the issue for appeal, and therefore reversed and rendered. Barnes and Sanders then timely filed a Petition for Writ of Certiorari which this Court granted.

## ANALYSIS

¶6. In its opinion, the Court of Appeals correctly observed that an award of punitive damages is improper where there in no award of compensatory damages, and then went on to hold:

> Barnes and Sanders argue that Purvis did not properly preserve the issue for appeal by filing the appropriate motion so as to present the chancellor with an opportunity to correct the alleged shortcomings in her order. Instead, argues Barnes and Sanders, Purvis chose to remain silent and now attempts to correct the alleged deficiency on appeal. They cite a string of cases they say support this contention.

> However, as correctly pointed out by Purvis in his appeal brief, all but one of their cited authorities involved errors that occurred during a jury trial which were either not contemporaneously objected to during trial or were properly objected to but not presented in a post-trial motion. They cite no legal authority which holds that in the case of a chancellor sitting without a jury, an appellant is required to move for reconsideration or file any post-trial motion. Every case cited by Barnes and Sanders, except *Collins v. Acree*, 614 So. 2d 391, 393 (Miss. 1993), deals exclusively with a jury trial, and situations such as the failure to preserve issues stemming from a jury verdict, and errors which were not objected to during jury trial, or errors which occurred during a jury trial that were objected to but not preserved in a post-trial motion.

> *Collins* involved a situation where the appellant, Acree, sat by and allowed a flawed stipulation to occur during trial, appealed the decision, and then sought relief through a Rule 60(b) motion to the trial court after the mandate of the appellate court had become final. Surprisingly, the trial court sustained the motion and set aside the stipulation. On the second appeal from this action, the Mississippi Supreme Court held that the Rule 60(b) motion for relief from judgment could not be made after the appellate court affirmed the original trial court judgment and mandate had issued. We do not find *Collins*, nor any of the other cited authorities, persuasive on this issue. We reverse and render.

*Purvis v. Barnes*, No. 1999-CA-00980-COA at ¶¶ 13-15 (Miss. Ct. App. Aug. 1, 2000).

¶7. The holding of the Court of Appeals in this case is in conflict with its prior decisions. In *New Bellum Homes, Inc. v. Giffin*, No. 98-CA-00417-COA (Miss. Ct. App. Apr. 2000), *aff'd in pertinent part*, 784 So. 2d 139 (Miss. 2001), the Court of Appeals held:

> New Bellum contends it has met the criteria for awarding prejudgment interest set forth in *Preferred*

***Risk Mutual Insurance Co. v. Johnson***, 730 So. 2d 574 (Miss.1998) and should have been awarded prejudgment interest. We find that New Bellum failed to raise this issue with the lower court either at trial or in any post trial motion.

The law is well settled in Mississippi that appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal. ***Chassiniol v. Bank of Kilmichael***, 626 So. 2d 127, 133-34 (Miss.1993). *See also **Seaney v. Seaney***, 218 So. 2d 5 (Miss.1969), ***A.H. George And Co. v. Louisville & N.R. Co.***, 88 Miss. 306, 40 So. 486 (1906). This issue is without merit.

***New Bellum Homes, Inc.***, at ¶¶ 55-56.

¶8. In ***New Bellum Homes***, the decision was rendered by a circuit judge sitting without a jury. ***New Bellum Homes*** at ¶ 3. However, the fact that ***New Bellum Homes*** involved a circuit court, as opposed to a chancery court, sitting without a jury does not appear to be of any importance. This Court has stated:

We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances.

***Barnes v. Singing River Hosp. Sys.***, 733 So. 2d 199, 202 (Miss.1999) (quoting ***Educational Placement Servs. v. Wilson***, 487 So. 2d 1316, 1320 (Miss.1986)). This Court has repeatedly held that a trial judge will not be found in error on a matter not presented to the trial court for a decision. ***Bender v. North Meridian Mobile Home Park***, 636 So. 2d 385, 389 (Miss.1994).

¶9. In the present case the issue regarding the award of punitive damages without the award of compensatory damages was never presented to the chancellor, who therefore never had a chance to correct her error. Logically, the only way to present an error regarding a question such as this, would be by way of a motion for a new trial.

¶10. Furthermore, M.R.C.P. 59(a) provides:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Mississippi; and **(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi.**

**On a motion for a new trial in an action without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.**

(emphasis added).

¶11. Clearly M.R.C.P. 59 contemplates the filing of a motion for a new trial in actions tried without a jury. Additionally, the record demonstrates that Barnes and Sanders both suffered some actual damages in the form of the emotional effect of the harassment, inconvenience, and the cost associated with expunging the lis

pendens notice. We therefore reverse and render the decision of the Court of Appeals and reinstate the judgment of the chancery court.

¶12. We take this opportunity to point out that the holding of this case is limited to the somewhat peculiar facts of this case. We are in no way retreating from our previous stance that there must be an award of compensatory damages before punitive damages and attorney's fees may be awarded. *See Hopewell Enters., Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 820 (Miss. 1996); *Defenbaugh & Co. of Leland, Inc. v. Rogers ex rel. Thompson*, 543 So. 2d 1164, 1167 (Miss.1989); *Miss. Power Co. v. Jones*, 369 So. 2d 1381, 1386 (Miss.1979); *Allen v. Ritter*, 235 So. 2d 253, 257 (Miss.1970).

## CONCLUSION

¶13. Because the matter regarding the award of punitive damages without an award of compensatory damages was never presented to the chancellor, and thus she was never given the opportunity to correct her error, we reverse and render the judgment of the Court of Appeals and reinstate the judgment of the chancery court.

¶14. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND RENDERED AND THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REINSTATED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, WALLER AND EASLEY, JJ., CONCUR. MILLS, J., CONCURS IN RESULT ONLY. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**