SOUTHWICK, P.J.,
for the Court.
¶ 1. Michael Brown was found guilty of sale of crack cocaine by a jury. Here he argues that he was denied proper counsel and that the evidence was inadequate. We find no error and affirm.
STATEMENT OF THE FACTS
¶ 2. A confidential informant named Bailey was employed by the Tri-County Narcotics Task Force. He had several drug charges pending against him and worked for the task force in return for leniency on these charges. Bailey testified that he met with two agents from the task force and agreed to make a purchase of crack cocaine. Bailey was given use of a vehicle that contained video and audio surveillance equipment. Before Bailey departed he was thoroughly searched by task force agents for weapons, drugs and other contraband. Bailey left the pre-buy location with several narcotic agents providing surveillance on his activities. After driving to several locations where he could possibly make a purchase of crack cocaine, Bailey recognized Brown standing in the parking lot of a convenience store named Lit’l Rascals.
• ¶ 3. Bailey told Brown, “I had fifty,” which at trial was explained to mean that he had fifty dollars to buy crack cocaine. Brown responded, “I got you,” and threw a small amount of crack cocaine through the open window of the car. The cocaine thrown through the window became lost inside the vehicle. Brown assisted Bailey in finding it. Bailey paid fifty dollars to Brown, left the parking lot, and relinquished possession of the cocaine to the task force. Later examination determined that the substance that Brown tossed through the window was .98 grams of crack cocaine.
¶ 4. Brown was indicted for the sale of a controlled substance. Brown indicated that he was indigent and counsel was therefore appointed to represent him. After a jury trial, Brown was found guilty of sale of cocaine. A pre-sentence investigation was conducted and Brown was subsequently sentenced to twenty-four years in *35 the custody of the Mississippi Department of Corrections. Additionally Brown was fined $50,000. It is from this judgment that Brown appeals.
DISCUSSION

I. Brown’s Sixth Amendment Right To Cownsel

¶ 5. Brown waived arraignment and the reading of the indictment. Bond was set in the amount of $10,000 on April 11, 2000. On this same date, Brown’s trial was scheduled for July 25, 2000. Indigent status was claimed by Brown and counsel was appointed for him. On July 19, less than a week before trial, Brown retained different counsel and attempted to dismiss his appointed counsel. Brown’s retained counsel requested a continuance because of scheduling conflicts. The court entertained the motion but expressed concerns about Brown having waited until the “eleventh hour” in a possible attempt to remain out on bond longer because of a delay in the trial. The judge stated that he might grant the continuance, but Brown’s bond would be subject to revocation. Brown decided to go forward with his initial court date.
¶ 6. These facts are analogous to those encountered in Atterberry v. State, 667 So.2d 622 (Miss.1995). There, the defendant was appointed an attorney and, short ly before his trial date, retained different counsel. Id. at 630. Atterberry’s retained counsel requested a continuance which was denied. Atterberry’s counsel maintained that he would not proceed unless the continuance was granted. In response to this ultimatum, the trial court denied the continuance and ordered , appointed counsel to represent Atterberry on the original trial date. Id. As in our case, in Atterberry, the trial court gave retained counsel the option of assisting in the trial. On appeal, the trial court was found to have acted within its discretion. Id.
¶ 7. A defendant has an absolute right to counsel, but his right to choose counsel is not absolute. Id. This right is not to be manipulated in such a way as to “thwart the progress' of a trial.” Ladnier v. State, 273 So.2d 169, 173 (Miss.1973). To allow Brown to fire his court appointed counsel on what the court referred to as- the “eleventh hour” would indeed “thwart the progress of trial.” Further, the record indicated that Brown failed to contact his attorney even once between his waiver of arraignment in April and his trial date in July. The trial judge was within his discretion in finding that he was quashing a delaying tactic and not denying Sixth Amendment rights.
¶ 8. There is a separate but closely related issue of whether the trial court erred in. refusing a continuance. Brown’s retained counsel argued that a continuance was necessary to provide meaningful discovery. Brown contends that there were other people present at the scene where he allegedly sold cocaine to the confidential informant and it was vital to his defense that these witnesses be subpoenaed and interviewed. A statute requires that an affidavit be presented that sets out “the facts which he expects to prove by his absent witness .or documents .that the court may judge the materiality of such facts....” Miss.Code Ann. §99-15-29 (Rev.2000). No such affidavit was presented. Moreover, once the continuance was denied, Brown had to demonstrate with meaningful specificity in a post-trial motion just what additional time would have allowed him to accomplish. Metcalf v. State, 629 So.2d 558, 562 (Miss.1993), citing Jackson v. State, 423 So.2d 129, 132 (Miss.1982). We can only speculate on the effect that Brown’s un-subpoenaed wit *36 nesses would have had on the outcome of his trial. The motion was properly denied.

II. Adequacy of Evidence

¶ 9. Brown attacks both the weight and the sufficiency of the evidence presented at trial. These are two different challenges with two different remedies.
¶ 10. First we look at Brown’s contention that a directed verdict should have been given.
A motion for directed verdict or a JNOV tests the sufficiency of the evidence, and “the trial court must consider all of the evidence ... in the light most favorable to the State.” Credible evidence consistent with guilt must be taken as true. The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the request or motion is required. On the other hand, if there is substantial evidence opposed to the request or motion in which reasonable fairminded jurors in the exercise of impartial judgment might reach different conclusions, then the request or motion should be denied.
Bishop v. State, 771 So.2d 397, 402-03 (Miss.Ct.App.2000) (citations omitted).
¶ 11. Direct testimony from both an informant and the investigating officer established that Brown knowingly and intentionally sold .98 grams of crack cocaine for fifty dollars. This testimony was corroborated by a videotape of the drug transaction that was viewed by the jury. A chemist with the Mississippi Crime Laboratory testified the substance in question was cocaine base “in a form commonly known as crack.” We find that the evidence was indeed sufficient.
¶ 12. Next, we address the weight and credibility of the evidence.
In determining whether a jury verdict is, against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.
Cross v. State, 759 So.2d 354, 356 (Miss. 1999).
¶ 13. The evidence that we have already reviewed convinces us that no unconscionable injustice occurred when the jury found that the State’s evidence was convincing.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY-FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF FIFTY THOUSAND DOLLARS IS AFFIRMED. ALL COSTS ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.