# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-00714-SCT

*CHRIS SPENCER DIFFERENT a/k/a CHRIS SPENCER a/k/a CHRIS DIFFERENT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEYS: | DEWEY ARTHUR |
| | JACQUELINE PURNELL |
| | JOEY MAYES |
| | KEVIN CAMP |
| | JARED K. THOMLINSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: BENJAMIN ALLEN SUBER |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     This appeal proceeds from the Circuit Court of Rankin County, Mississippi, where the Appellant, Chris Spencer Different, was convicted of one count of gratification of lust, pursuant to Mississippi Code Section 97-5-23(1) and one count of sexual battery, pursuant to Mississippi Code Section 97-3-95(1)(a). Different was sentenced to fifteen years for Count

I, Gratification of Lust, and thirty years for Count II, Sexual Battery, to be served concurrently.

**FACTS**

¶2. Dawn Jodoin and Chris Different married in February 2005 while they were living in South Carolina. Jodoin's two children, B.B. and J.B., also lived with them.[1] In May 2010, Jodoin and Different moved to Rankin County, Mississippi, with Different's sister and her husband. B.B. was fourteen years old and entering the ninth grade at the time the family moved to Rankin County. After about a month and a half, Jodoin and Different moved to The Highlands in Pearl, Mississippi.

¶3. Jodoin decided to end her marriage with Different in 2011. B.B. and J.B. moved back to South Carolina in August 2011, and Jodoin moved back in September 2011. Jodoin and Different's divorce was finalized in January 2012. The following month, Jodoin married Brian Jodoin.

¶4. In February 2012, while living in Ohio, B.B. told her younger brother, J.B., that Different had sexually assaulted her. J.B. told Brian, and Brian told Jodoin. Jodoin took B.B. to a counselor, and the counselor contacted the Department of Human Services about the abuse.

¶5. Detective Jake Windham, an officer with the Pearl Police Department, was assigned to the case after the original investigating officer was killed in the line of duty. Detective Windham testified that he reviewed the previous investigator's notes and the forensic

---

[1] Initials are used in place of the names of the minors.

2

interview video taken of B.B. in February 2012. In the forensic interview, B.B. stated that Different had sexually assaulted her when they lived in Mississippi at The Highlands while her mother worked overtime at a nursing home. She also indicated that the assault had happened two to three years prior to the interview. Detective Windham verified from B.B.'s school records that she lived at The Highlands in Rankin County from June 1, 2010, to July 1, 2011.

¶6. On September 17, 2012, Detective Windham interviewed Different regarding the sexual-assault allegations B.B. had made against him. Detective Windham testified that, during the interview, Different stated that when he and Jodoin were married, she worked from 3:00 to 11:00 and would sometimes work until 3:00 a.m.[2] At trial, Jodoin testified that she worked the 3:00 p.m. to 11:00 p.m. shift when they lived in South Carolina. She would also work overtime from 11:00 p.m. to 7:00 a.m. When they moved to Rankin County, Jodoin testified that she worked at the Heritage House, a nursing home in Brandon, from 7:00 a.m. to 7:00 p.m. but would stay until 11:00 p.m. when additional help was needed. Three months prior to moving out of Mississippi, Jodoin worked at Briar Hill Rest Home and worked the 6:30 a.m. to 2:30 p.m. shift. She testified that she never worked past 11 p.m. Because Different was on Social Security Disability, he did not work, and the children were alone with Different every day.

¶7. B.B. testified that Different sexually assaulted her four to five times a week when they lived at The Highlands in Rankin County. Different "lick[ed] and suck[ed]" her breasts,

---

[2]It was not indicated whether the shift began in the morning or evening.

penetrated her vagina with his fingers, and touched her vagina with his penis. He forced B.B. to rub his penis and he would ejaculate into her hand. She testified that Different attempted vaginal and anal penetration but she prevented him. He also wanted B.B. to perform oral sex on him but she refused. Different also forced B.B. to rub his penis while they watched sexual videos. B.B. testified that she never told anyone about the sexual assaults because Different threatened to hurt her.

¶8.    The jury found Different guilty. The court sentenced Different to fifteen years for Count I and thirty years for Count II with fifteen years suspended. Different appeals his conviction, asserting one issue:

> **Whether the evidence was sufficient to support that Different sexually assaulted B.B. in Mississippi.**

¶9.    Different argues that the evidence was insufficient to support the verdict finding him guilty of gratification of lust and sexual battery because the evidence does not prove that the crimes occurred in Mississippi. Different contends that the evidence was insufficient for the following reasons: (1) there was a discrepancy in B.B.'s forensic interview and her testimony as to whether the sexual assaults occurred in Mississippi; (2) B.B.'s testimony alone is insufficient to establish that the crime occurred in Mississippi; and (3) the State failed to present DNA evidence or other witnesses linking Different to the crimes.

¶10.    Different claims that the inconsistency in B.B.'s testimony and interview regarding the time frame she was in Mississippi and when she says the assaults occurred is sufficient to reverse the verdict. The forensic interview was conducted in February 2012. During the interview, B.B. stated that the sexual offenses had occurred two to three years prior to the

4

interview, dating the assaults between February 2009 and February 2010. The family did not move to Mississippi until May 2010. Based on her statements, any offense would have occurred when she lived in South Carolina.

¶11. B.B. also testified that the assaults occurred four to five times a week while her mother worked overtime from 11:00 p.m. until 7:00 a.m. Jodoin testified that she worked the 11:00 p.m. to 7:00 a.m. when they lived in South Carolina, but when they moved to Mississippi, she rarely worked overtime or past 11:00 or 11:30 p.m. Different testified that when Jodoin worked in Mississippi, she would return home before 5:00 p.m. Notwithstanding these inconsistencies, B.B. clarified at trial that Different sexually assaulted her in Mississippi when she was attending Brandon High School.

¶12. When a defendant challenges the sufficiency of evidence against him, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005) (quoting *Jackson v. Virginia,* 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). If the evidence "'point[s] in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,'" this Court will reverse and render. *Id*. at 843 (quoting *Edwards v. State,* 469 So. 2d 68, 70 (Miss.1985)). However, if "reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient." *Id*.

¶13. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to support the verdict finding Different guilty of sexual battery and gratification of lust, and that the crimes occurred in Mississippi.

¶14. B.B. testified that while she was attending Brandon High School, Different sexually assaulted her four to five times a week. He would touch her breasts and her vagina and force her to touch his genitals. B.B. also stated that Different attempted vaginal and anal penetration but she refused.

¶15. While Different purports to raise a sufficiency-of-the-evidence argument, his claim actually presents a weight-of-the-evidence issue. When this Court reviews a challenge to the weight of the evidence, the verdict will be overturned "when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844. This Court has found that the weight accorded to a witness's credibility must be resolved by the trier of fact. *Gales v. State*, 153 So. 3d 632, 648 (Miss. 2014). After the evidence was presented, it was the jury's task to weigh B.B.'s credibility. Although this issue was not presented on appeal, we find that the verdict was not against the weight of the evidence.

¶16. Different also contends that B.B.'s testimony alone is insufficient to establish that the crime occurred in Mississippi or that the State failed to present additional evidence. As mentioned, B.B. testified that the crimes occurred while she was attending high school in Mississippi. Also, this Court has made it clear that "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or

contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." ***Cross v. State***, 759 So. 2d 354, 356 (Miss.1999). B.B.'s testimony was not discredited or contradicted by any evidence with the exception of Different's testimony. This is a weight-of-the evidence determination, which we must defer to the fact-finder.

## CONCLUSION

¶17. Based on the foregoing, we find that the verdict is supported by the evidence and affirm the conviction and sentence.

¶18. **COUNT I: CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE LAST FIFTEEN (15) YEARS SUSPENDED AND THE APPELLANT PLACED ON SUPERVISED PROBATION FOR FIVE (5) YEARS WITH CONDITIONS, AFFIRMED. THE SENTENCE IN COUNT I SHALL RUN CONCURRENTLY WITH THE SENTENCE IN COUNT II. THE APPELLANT IS TO REGISTER AS A SEX-OFFENDER. APPELLANT SHALL PAY COURT COSTS, FEES AND ASSESSMENTS IN THE AMOUNT OF $1,421.50 AT THE RATE OF NOT LESS THAN $50 PER MONTH TO BEGIN THE LAST WORKING DAY OF THE FIRST FULL CALENDAR MONTH AFTER RELEASED FROM CUSTODY. APPELLANT SHALL RECEIVE CREDIT FOR TIME SERVED IN PRETRIAL DETAINMENT.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR.**