# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-KM-00828-SCT

*JUSTIN CROCKETT a/k/a JUSTIN RANDLE*
*CROCKETT a/k/a JUSTIN R. CROCKETT*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2015 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF PANOLA COUNTY |
| ATTORNEY FOR APPELLANT: | B. BRENNAN HORAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 01/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND KING, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Justin Crockett pled guilty in Panola County Justice Court to headlighting a deer in

violation of Mississippi Code Section 49-7-95 (Rev. 2012). Crockett appealed[1] his conviction

to the Circuit Court of the First Judicial District of Panola County. After a bench trial *de*

*novo*, that court found Crockett guilty. Crockett timely appealed to this Court, arguing solely

---

[1] "[A]ny defendant who has been convicted of a criminal offense in a justice court
may appeal even though he or she pleaded guilty." **Jones v. State**, 972 So. 2d 579, 580
(Miss. 2008) (citing **Neblett v. State**, 75 Miss. 105, 21 So. 799 (1897)).

that there was insufficient evidence to support the conviction. We find sufficient evidence in the record to sustain Crockett's conviction. Accordingly, we affirm.

## FACTS

¶2. On January 30, 2014, at approximately 8:45 p.m., Lieutenant Marion Pearson received a call about a truck that had been stopped by authorities in Panola County. Pearson, a warden with the Mississippi Department of Wildlife, Fisheries, and Parks, was told that the truck was carrying three deer (a mature doe, a small doe, and a spike buck) in its bed and that the deer appeared to have been "freshly killed." Pearson arrived at the scene and questioned the three individuals who were in the truck: John Kyle Gordon, Michael Chad Lanier, and Seth Allen Wooten.

¶3. All three men admitted that they had been headlighting deer and informed Pearson that they had been doing so with Crockett. The three individuals further stated that Crockett had shot two of the deer and that they all had put them in the bed of the truck. One of them, Gordon, was working six weeks on and ten days off in North Dakota at the time of trial, and the State was not successful in securing his presence. Crockett raised no hearsay objection to Pearson's testimony about what Gordon, Lanier, and Wooten had told him. According to Pearson's testimony, Crockett later admitted having shot the spike deer, though Crockett claimed to have shot the deer during legal hunting hours.

¶4. The State responded with forensic evidence showing that the spike was shot well after legal hunting hours. The trial court accepted Pearson as an expert witness in the field of "forensic investigation of the death of a deer." Pearson testified that at approximately 3:00

2

a.m. on January 31, 2014, he returned to his house with the deer and performed standard procedures to determine the time of death. Crockett did not object to the trial court's acceptance of Pearson as an expert witness. Following the standard procedures, Pearson took the spike's temperature in various parts of its anatomy. Pearson then plugged the temperature readings into a computer program along with the ambient air temperature for the night of January 30, 2014. In addition, Pearson checked for *rigor mortis* in various parts of the deer's body. Finally, Pearson measured the diameter of the deer's pupils. After factoring in all of the above, Pearson and his supervisor Bruce Jenkins concluded—rightly or wrongly, and without objection—that the spike buck (the only deer for which Crockett was charged) had been killed between approximately 8 p.m. and 10 p.m. on January 30, 2014.

¶5. The trial court, acting as both the judge and trier of fact, found Crockett guilty of killing a deer at night by headlighting in violation of Mississippi Code Section 49-7-95 (Rev. 2012).

## ANALYSIS

¶6. Crockett's only argument on appeal is that there was insufficient evidence to support a conviction under Mississippi Code Section 49-7-95 (Rev. 2012).

¶7. Section 49-7-95 provides:

> Any person who hunts or takes or kills any deer at night by headlighting, by any lighting device or light amplifying device shall, upon conviction thereof, be guilty of a Class I violation and shall be punished as provided in Section 49-7-141.
>
> For any person to be charged with a violation of this subsection, that person must have been observed committing an overt act consistent with the hunting of deer at night with the aid of a light, lighting device or light amplifying

3

device. Such observation of an overt act *may include, but shall not be limited to*, witnessing the discharge of a weapon capable of killing a deer, hearing the report of a firearm being fired, *seeing the person in possession of a recently killed deer which could not have been killed during legal hunting hours*, or witnessing the person committing *any acts consistent with headlighting deer* in violation of this subsection.

Miss. Code Ann. § 49-7-95(1)(a), (b) (Rev. 2012) (emphasis added).

¶8.    This Court has affirmed a conviction under this statute when the State relied upon circumstantial evidence to prove its case. *See **Pharr v. State***, 465 So. 2d 294 (Miss. 1984). The ***Pharr*** court noted that "spotting and killing a deer [at night] would have been next to impossible without the aid of power lighting." ***Id.*** at 300. In ***Pharr***, an officer observed a truck from which a spotlight was shining in a field. ***Id.*** at 296. The officer pursued the truck and ultimately forced it off the road. ***Id.*** The officer found the following in the truck: "(1) four men, including Milton V. Pharr, the Defendant below and Appellant here; (2) two dead deer, both still warm and with blood running from their bodies; (3) a Q-beam spotlight; (4) a seven millimeter Magnum rifle, three spent shell casings and other ammunition; and (5) one hand flashlight." ***Id.*** at 297. This Court affirmed the defendant's conviction for headlighting the two deer even though the officer had not actually observed the defendant killing either deer. ***Id.*** at 304.

¶9.    Crockett's only argument on appeal is that the State presented insufficient evidence to prove that he committed an "overt act" within the meaning of Mississippi Code Section 49-7-95(1)(b) (Rev. 2012).

¶10.    "[W]hen a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings."

4

*Transocean Enter., Inc. v. Ingalls Shipbuilding, Inc.*, 33 So. 3d 459, 462 (Miss. 2010) (citing *Ezell v. Williams*, 724 So. 2d 396, 397 (Miss. 1998)). This standard of review "affords deferential treatment to the trial judge's findings." *Id.* (citing *City of Greenville v. Jones*, 925 So. 2d 106, 109 (Miss. 2006)). "[T]his Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court must be manifestly wrong." *Id.* (citing *Yarbrough v. Camphor*, 645 So. 2d 867, 869 (Miss. 1994)).

¶11.    Here, the trial judge heard testimony from Pearson and Jenkins to the effect that three individuals were found at night with three recently killed deer in their possession. These three men admitted that they had been headlighting deer. They further stated that they had been acting in concert with Crockett and that Crockett had shot two of the deer, including the spike. In addition, Crockett admitted to Lieutenant Pearson that Crockett had shot the spike, though Crockett claimed he had shot it during legal hunting hours.

¶12.    Legal hunting hours end thirty minutes after sunset. Miss. Code Ann. § 49-7-59(1) (Rev. 2012). Pearson testified that sunset on January 30, 2014, occurred at 5:27 p.m., so legal hunting hours ended at 5:57 p.m. The State presented unchallenged forensic evidence through the testimony of Pearson and Jenkins showing that the spike could not have been killed during legal hunting hours. The time of death was calculated to have been between 8:00 p.m. and 10:00 p.m., well after legal hunting hours.

¶13.    Applying the deferential standard of review, we cannot say that the trial court was manifestly wrong. It is true, as Crockett urges, that the statute requires that the defendant

must be "observed committing an overt act consistent with the hunting of deer at night with the aid of a light." Miss. Code Ann. § 49-7-95(1)(b). However, the statute further provides that "[s]uch observation *may include, but shall not be limited to . . . seeing the person in possession of a recently killed deer which could not have been killed during legal hunting hours*." Miss. Code Ann. § 49-7-95(1)(b) (emphasis added). The State presented evidence tending to show: (1) possession of a recently killed deer; (2) the deer could not have been killed during legal hunting hours; and (3) Crockett shot the deer. Furthermore, as the **Pharr** court noted, "spotting and killing a deer would have been next to impossible without the aid of power lighting." **Pharr**, 465 So. 2d at 300. Finally, the men admitted that they had been headlighting deer.

¶14. While Pearson's testimony regarding the statements of Gordon, Lanier, and Wooten is hearsay, Crockett did not object to its admission at trial. "The law is well settled in Mississippi that appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal." **Purvis v. Barnes**, 791 So. 2d 199, 202 (Miss. 2001) (internal citations omitted). In failing to object to hearsay at trial, the party waives the right to present the issue on appeal. **Cross v. State**, 759 So. 2d 354, 357 (Miss. 1999). "'It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved.'" **Id.** (quoting **Hansen v. State**, 592 So. 2d 114, 127 (Miss. 1991)).

6

¶15. The trial judge was not manifestly in error in finding Crockett guilty of violating Mississippi Code Section 49-7-95.

**CONCLUSION**

¶16. We affirm Crockett's conviction of headlighting a deer in violation of Mississippi Code Section 49-7-95.

¶17. **CONVICTION OF HEADLIGHTING DEER AND SENTENCE OF FIVE (5) DAYS IN THE PANOLA COUNTY JAIL, WITH FIVE (5) DAYS SUSPENDED, AFFIRMED. APPELLANT'S HUNTING, FISHING, AND TRAPPING PRIVILEGES ARE REVOKED FOR A PERIOD OF THREE (3) YEARS. IN ADDITION, A FEE OF $500 SHALL BE PAID PRIOR TO REINSTATEMENT OF PRIVILEGES. APPELLANT SHALL PAY A FINE IN THE AMOUNT OF $2,120, PAYABLE TO THE CIRCUIT CLERK OF PANOLA COUNTY.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. CHAMBERLIN, J., NOT PARTICIPATING.**