### C. H. SMITH *v.* ED. BOYKIN.

1. APPEAL IN CRIMINAL CASE. *Time of executing bond. Justice of the peace.*
   Under Code 1880, § 2355, a bond for appeal and appearance at the circuit court can be executed at any time after conviction of a criminal offense before a justice of the peace.

2. SAME. *Execution of the bond. Withdrawal of surety.*
   If a surety, who is approved by the magistrate, erases his name before the bond is signed by the appellant, the latter is not entitled to be discharged from the custody of the county contractor for convicts.

APPEAL from the decision of HON. W. G. PHELPS, Chancellor of the Fourth District of Mississippi, on *habeas corpus*, discharging Ed. Boykin from the custody of C. H. Smith, contractor for prisoners in Washington County.

On a petition, sworn to by Harry Sloss in behalf of Ed. Boykin, which alleged that the latter was illegally held by C. H. Smith, the writ was issued to the sheriff, who took the prisoner and brought him before the Chancellor, and cited Smith, who answered, that as county contractor he held him by virtue of a conviction of petit larceny before a justice of the peace. The evidence was that the prisoner was convicted on July 17, 1883, and fined twenty-five dollars and costs, when the contractor took him and paid the costs; that Boykin told his wife to appeal for him, and a bond signed by Harry Sloss and Lomax Anderson was presented to the magistrate and approved by him on July 21, 1883; that the justice gave the bond to Mrs. Boykin to get her husband's signature, but before it was obtained the name of Lomax Anderson was erased, and that the magistrate, who regarded Sloss as insufficient security, did not send the record to the circuit court. Upon this evidence, the Chancellor, on July 30, 1883, ordered the discharge of the prisoner, and C. H. Smith appealed.

*S. H. King,* for the appellant.

The prisoner was suffering imprisonment after conviction, and the writ of *habeas corpus* should not have been issued. Code 1880, § 2520. No appeal bond was executed because Anderson had a right to withdraw. Code 1880, § 3045. After the contractor took the prisoner and paid the cost, no appeal could be allowed by the magistrate. Under statutes like ours, it is held that the appeal must be taken before adjournment of the court. *Pearce* v. *Swan,* 1 Scam. 266 ; *Jackson* v. *New Millford Toll Bridge Co.,* 34 Conn. 266. The appeal must be perfected within the same twenty-four hours. *McCormick* v. *Bishop,* 3 Iowa 100 ; *Welch* v. *Damon,* 11 Gray 383 ; *Cox* v. *State,* 9 Mo. 181 ; *Hayes* v. *Kirk,* 2 Overt. 322 ; *Carson* v. *Love,* 8 Yerger 215 ; *Read* v. *Dickinson,* 2 Ashm. 224 ; *Buckstaff* v. *Hanville,* 14 Wis. 77 ; *De La Figaniere* v. *Jackson,* 4 E. D. Smith 477 ; *Miller* v. *Martin,* 3 Halst. 201.

*Rucks & Jayne,* for the appellee.

This case presents a question in which the appellant has no interest and his appeal should be dismissed. County contractors are not charged with the administration of the criminal laws of the State. If Ed. Boykin has been improperly set at liberty the district attorney will adopt measures to retake him. Code 1880, §§ 2312, 2337. His petition, followed by the discharge, is a ratification of the bond on the prisoner's part, and this, with the Chancellor's decree, is ample protection to the contractor against any loss for the fine or costs imposed on the prisoner. Only because he had custody of the man was the contractor made defendant. After he answered, his connection with the case was ended. No statute gives him the right to bring the case to this court for review, and his appeal is an unwarranted interference with the criminal procedure of the State and the duties of its officers.

CAMPBELL, C. J., delivered the opinion of the court.

Boykin had the right to appeal to the next term of the circuit court, and, on compliance with § 2355 of the Code of 1880, to be discharged from the custody of the county contractor, but he had not entered into bond or recognizance and his discharge by the

Chancellor was improper. The appeal-bond was not executed by Boykin, and Anderson, the surety on whose signature the justice of the peace approved the bond, had caused his name to be erased before it became the bond of Boykin, and although he might have perfected his appeal at any time, and that would have entitled him to a discharge by Smith, it appears that he did not perfect his appeal. Before the case was tried by the Chancellor, Anderson's name had been erased from the bond and its execution by Boykin afterward could not impose obligation on Anderson as his surety. It was necessary for him to enter into bond or recognizance in the sum prescribed by the justice, "with good and approved security," conditioned as prescribed by law. If he had done that, his discharge from the custody of the county contractor would have been right. He may yet do that, and it will be the duty of the justice of the peace to approve his bond, if he offers "good security," and to transmit his papers to the clerk of the circuit court.                          *Judgment discharging prisoner reversed.*