### EX PARTE JOSEPH GRUBBS.

1. CRIMINAL LAW. *Justices of the Peace. Appeals, limitations on.* Code
1892, §§ 81, 82.

    The limitations of time on appeals from justices' courts to the circuit
    court, prescribed by code 1892, §§ 81, 82, do not apply to criminal
    cases.

2. SAME. *Code* 1892, § 86.

    Appeals from justices' courts to the circuit court in criminal cases are
    governed by code 1892, § 86, authorizing such appeals upon the ex-
    ecution of a bond to appear at "the next term of the circuit court,"
    meaning the term of said court next after the appeal is granted.

3. SAME. *Certiorari. Code* 1892, § 89.

    The limitation of time within which cases may be removed from
    justices' courts to the circuit court by writ of certiorari, prescribed
    by code 1892, § 89, applies to both civil and criminal cases.

FROM the circuit court of Washington county.

HON. FRANK A. LARKIN, Judge.

The facts are stated in the opinion of the court. For a
previous chapter in the history of Grubb's grievances, see *Ex
parte Joseph Grubbs,* 79 Miss., 358.

*C. J. Jones,* for appellant.

*W. L. Easterling,* Assistant Attorney-General, contra.

This case was gotten into the circuit court not by an appeal from the justice of the peace court, but by a writ of *certiorari.* The writ was prosecuted more than six months after the rendition of the judgment by the justice of the peace, and it was barred. Code 1892, § 89; *Smith* v. *Boykin,* 61 Miss., 110, does not aid Grubbs. While he could probably appeal from the judgment of the justice of the peace court at this time (in fact, it appears that he has appealed, and that his appeal case is depending in the circuit court), yet his proceeding in the circuit court now under review here was not by appeal, but as above stated by writ of *certiorari.*

Calhoon, J., delivered the opinion of the court.

Mr. Grubbs was convicted of a criminal offense by a justice of the peace. He took his appeal to the circuit court, but not until after the lapse of several months, and after two terms of that court had intervened. In the meantime he was on the county farm, serving a sentence as a convict. Seven months after his conviction he obtained a writ of *certiorari* to the justice of the peace to appear with the record and papers. The justice appeared, and said he could not bring the papers, because they were lost; but, curiously enough, he makes no excuse for bringing the record, which would have been a basis for supplying the lost papers. The circuit court dismissed the petition for the writ of *certiorari* on the ground that Grubbs was barred of his appeal because he did not appeal to the term of that court next following his conviction. We do not concur in this view. The limitation on appeals in civil cases provided for in code, §§ 82, 84, do not apply to criminal cases. These are governed by § 86, and the requirement of this that bond be required for appearance "at the next term of the circuit court" means, we deduce from the whole context, the next

term after appeal taken. *Smith* v. *Boykin,* 61 Miss., 110. But nevertheless the court was right in dismissing the petition for the writ of *certiorari,* since § 89 barred that, because more than six months had elapsed from the day of decision.

Mandamus is the only remedy left to Mr. Grubbs, and the justice may thus be compelled to bring any papers, and at least a transcript of his docket record, from which papers may be prepared and substituted for those lost.

*Affirmed.*