## JOHN PAYNE *v.* STATE.

[58 South. 532.]

CRIMINAL LAW. *Appeal. Right to trial de novo. Code* 1906, *Sec.* 87.

Under Sec. 87, Code 1906, so providing, when an appeal is prosecuted from a conviction by a justice of the peace to the circuit court, said appeal shall be tried *de novo*, and what was done in the justice court can in no wise affect the right of appellant to a trial in the circuit court, nor can any motion made in the circuit court prejudice his right to a trial of the case on its merits.

APPEAL˙ from the circuit court of Jefferson Davis county.

HON. A. E. WEATHERSBY, Judge.

John Payne was convicted of unlawfully pointing a gun at a person and appeals.

The facts are fully stated in the opinion of the court.

*J. C. Oakes,* for appellant.

We think it is only necessary to call the court's attention to the special bill of exceptions taken by appellant in the court below. If there is any force in Sec. 87 of the Code of 1906, the appellant had a right to appeal from the judgment of the justice of the peace and to have his case tried anew in the circuit court. This right the court below denied him, as shown by the special bill of exceptions. The appellant was present in court, ready for trial, and demanding a trial, and why the court denied it to him I confess to be beyond by ken.

*Frank Johnston,* assistant attorney-general, for appellee.

Sec. 87 of the Code of 1906, in its closing paragraph, provides that when an appeal is prosecuted from a conviction by a justice of the peace, to the circuit. court,

said appeal shall be tried *de novo*. If this section of
our Code has any validity, it appears to me that appel-
lant was entitled to a trial in the circuit court from which
he prosecuted this appeal.

It may be conceded that the motion of appellant made
in the circuit court asking for his discharge, was en-
tirely untenable and unreasonable, but, in my opinion,
this could not affect the procedure as established by the
statute of this state in reference to an appeal prose-
cuted from a conviction in a justice court to the circuit
court, nor do I perceive how this motion that the de-
fendant made could have prejudiced his right to a trial
of the case. In addition, I may add, that I cannot per-
ceive on what ground the motion of the district attorney
to dismiss this appeal with a writ of *procedendo* could
have been sustained in view of the plain directions as
embodied in our statute.

Cook, J., delivered the opinion of the court.

Affidavit was made by the constable before a justice
of the peace, charging appellant with unlawfully aiming
a gun at a person named. A jury was summoned by
the constable to try him; whereupon he made a motion
to discharge the jury summoned, because they were se-
lected by an interested party, to wit, the constable, who
made the affidavit against him. This motion was over-
ruled, and he was then tried by the jury, and was con-
victed and sentenced. An appeal was prosecuted to the
circuit court, and there appellant made a motion to dis-
miss the case "because the record does not show that
the defendant was convicted by the jury called to try
his case in the justice court, and for the further reason
that the case was not tried in term time, but was tried
in vacation, over the protest of defendant." This mo-
tion was overruled. The district attorney, not to be
outdone by defendant, countered with a motion to dis-
miss the appeal, which motion was sustained by the

court, over the earnest protest of defendant, who demanded a trial *de novo.*

It is difficult to understand why the court dismissed the appeal. Sec. 87 of the Code of 1906 provides that, when an appeal is prosecuted from a conviction by a justice of the peace to the circuit court, said appeal shall be tried *de novo.* What was done in the justice court can in no wise affect the right of appellant to a trial in the circuit court, nor can any motion made in the circuit court prejudice his right to a trial of the case on its merits.

*Reversed and remanded.*