LITTLE, CHIEF OF POLICE, v. WILSON.

(In Banc. Dec. 9, 1940.)

[199 So. 72. No. 34443.]

**Alfred Moore,** of Hattiesburg, for appellant.

No counsel for appellee.

Ethridge, J., delivered the opinion of the court.

The appellee, Glennie Wilson, was convicted in the police court of the city of Hattiesburg of the unlawful possession of intoxicating liquors, and sentenced to pay a fine of $100, and to serve thirty days in jail, which sentence was suspended during good behavior, on payment of $50. Thereafter a search warrant was issued, and upon the premises of the said Glennie Wilson being searched, intoxicating liquor was found thereon. The premises in question belonged to Glennie Wilson, but one, A. C. Wilson, also lived thereon.

On these facts the police justice revoked the suspension of sentence, and directed that the appellee be imprisoned, to serve the suspended sentence, and to pay the balance of the fine. Whereupon the appellee tendered an appeal bond, to appeal to the county court, which the police justice refused to approve; refusing to approve any bond allowing an appeal.

Thereupon the appellee sued out a writ of habeas corpus before the judge of the Circuit Court of the district, who on the hearing ordered the appellee to be discharged on tendering a good and sufficient appeal bond—which he did. But the chief of police prosecuted an appeal from the judgment in the habeas corpus proceeding, relying upon the cases of Cooper v. State, 175 Miss. 718, 168 So. 63, and McLemore v. State, 170 Miss. 641, 155 So. 415. The police justice was authorized to suspend the sentence under chapter 276, Laws 1936.

The two decisions above cited were in cases appealed from the Circuit Court to the Supreme Court after the period allowed for appeal had expired, and in one case the defendant had plead guilty in the Circuit Court. Appeals from the Circuit Court to the Supreme Court are on the record, including the bill of exceptions, and the trial is not de novo. Section 16 of the Code of 1930 provides that an appeal shall not lie from the Circuit Court to the Supreme Court in any case where the defendant

enters a plea of guilty. Appeals from the court of a justice of the peace or a police justice are governed by section 68 of the Code of 1930; and it will be noted from a reading of this section that there is no time limit fixed within which such appeals may be taken; and that cases appealed from the police or justice of the peace courts to the county or Circuit Court are tried de novo in the latter courts. In Smith v. Boykin, 61 Miss. 110, it was held that under section 2355, Code 1880, appeal bond and appearance in the Circuit Court can be executed at any time after conviction of a criminal offense before a justice of the peace. In Ex parte Grubbs, 80 Miss. 288, 31 So. 741, this holding was reaffirmed.

In the last-mentioned case, first syllabus thereto, construing sections 81 and 82, Code 1892, it was held that, ''The limitations of time on appeals from justices' courts to the circuit court, prescribed by code 1892, sections 81, 82, do not apply to criminal cases.'' And in the second syllabus it was held that, ''Appeals from justices' courts to the circuit court in criminal cases are governed by code 1892, section 86, authorizing such appeals upon the execution of a bond to appear at 'the next term of the circuit court,'' meaning the term of said court, next after the appeal is granted.''

The statutes above referred to are the same, so far as they apply to prosecutions involving violation of the liquor laws of the state in courts of police justices or justices of the peace, to the county or Circuit Courts, except as to the amount of bond required. The legislature, in re-enacting the statute after these decisions, expressly provided that the bonds be conditioned for appearance at the next term of the Circuit Court after such appeals are taken. In other words, the statute adopted the construction placed by the Court on the meaning in the Grubbs case, by incorporating in the statute the language used by the Court in that case.

Therefore, as the law now stands, the appeal may be taken to the next term of the Circuit Court at any time

before the judgment is completely satisfied; or in counties having a county court, to the next term of that court.

In section 69, Code of 1930, it is provided that a person unable because of poverty to give bond, may, on making affidavit to that effect, appeal from a judgment in the justice of the peace court, or a mayor's or police justice's court of a city, town or village, for the violation of an ordinance, to the Circuit Court, there to be tried anew, although the judgment is not superseded by such appeal.

This clearly recognizes the right of a person who has been convicted in a justice of the peace or police court to be heard in the Circuit Court, although such judgment may have been executed. For many reasons this may be a valuable right, because of the fact that conviction of certain crimes imposes civil disqualification on the offender. Hence, the result of a trial in a justice of the peace or police court can in no wise affect the right of appellant to appeal to the higher court. Payne v. State, 101 Miss. 588, 58 So. 532.

An appeal may be had to the Circuit Court, or to the county court where there is one, and a trial there had de novo from a conviction in the court of a justice of the peace or police justice, even though the defendant may there have plead guilty. Niblett v. State, 75 Miss. 105, 21 So. 799; Jenkins v. State, 96 Miss. 461, 50 So. 495.

This being true, the appellee, on giving appropriate bond, was entitled to appeal from the judgment in the police justice court, notwithstanding the payment of $50 on the fine there imposed. The circuit judge having held in accordance with these views in the habeas corpus proceeding, his judgment must be affirmed.

Affirmed.