BALL *v.* STATE.

(Division B.   October 13, 1947.)

[32 So. (2d) 195.   No. 36468.]

Martin & Farr, of Prentiss, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Affidavit was filed in the court of a Justice of the Peace in and for District No. 1, of Jefferson Davis County, on the 6th day of January, 1947, charging the appellant with

operating a motor vehicle on one of the highways therein while under the influence of intoxicating liquor during the previous day. Section 8174, Code 1942. On the same day the affidavit was filed, he was arrested, tried, convicted, and sentenced to pay a fine of $100.

Also on the same day, January 6, 1947, he filed and had approved by the justice of the peace, before whom he had been convicted, his appeal bond to "appear at the next term of the Circuit Court of Jefferson Davis County, on the 3rd Monday of August, 1947." Section 1202, Code 1942.

The circuit court was then in session for the January term 1947, and the justice of the peace sent the transcript up to the circuit court immediately, although the bond, in conformity with the said statute, was "conditioned to appear before the circuit court at the next term after such appeal shall be taken." The next term of court would not convene until August 1947, Section 1409, Code 1942, so the filing of the appeal transcript in the circuit court then sitting did not confer any authority upon that court to dispose of the case until the August 1947 term of court. Ex parte Grubbs, 80 Miss. 288, 31 So. 741.

However, on January 14, 1947, the district attorney filed during the then current term of circuit court, in session as stated, a motion to dismiss the appeal from the court of the justice of the peace to the circuit court "for the reason that the transcript of the record filed herein shows that the fine of $100.00 imposed by the justice of the peace court and all cost therein was (sic) paid before the appeal bond was made up and filed in said cause." On the same day the circuit judge ordered "that the appeal herein be and the same is hereby dismissed at the cost of defendant." Appellant, for reasons not necessary to detail, was not in court at the time. Indeed, he was not required to be there at all during the January 1947 term, in this case.

Nevertheless, on January 16, 1947, appellant filed in the circuit court his motion to set aside the dismissal

of his appeal, under oath, and sought a trial de novo. Thereupon the court considered the motion and found it not well taken, and overruled it on the ground that: "The judgment of the justice court having been fully paid by defendant togethed with the costs, therefore, the question had become moot." And the question before us is, whether or not a defendant, convicted in the court of a justice of the peace, even though he may have there pleaded guilty and paid the fine and costs, may, notwithstanding such situation, take an appeal to the circuit court, and there have a trial de novo.

There is more involved in a judgment of court imposing a fine upon a defendant in a criminal case, such as the one here, than the mere monetary amount thereof. There is imposed, in the instant case, by the statute under which the prosecution proceeded, also the mandatory duty of the Commissioner to "revoke the operator's or chauffeur's license of any person convicted under any of the provisions of this section." Section 8174, Code 1942. Since the appeal was taken on the same day of the conviction, the Commissioner could not at that time have cancelled appellant's driver's license.

In the case at bar, the appellant as defendant in the court of the justice of the peace pleaded not guilty, but was convicted and fined, as pointed out supra. However, even if he had pleaded guilty in the justice court, he would not thereby have estopped himself from appealing to the circuit court. Jenkins v. State, 98 Miss. 717, 54 So. 158.

In addition to seeking a trial de novo in the circuit court for the purpose of preserving his driver's license, notwithstanding his payment of the fine and costs in the justice court, appellant conceivably could also have been actuated by a desire to clear his name from the stigma of the conviction. On appeal to the circuit court, the latter does not ordinarily sit as a court of review merely, but the appeal supersedes the judgment of the court of the justice of the peace, and the case becomes triable in the

circuit court all over again, that is to say, de novo. So, the mere payment of the fine and costs, as here, would not dispose of the serious result of the loss of his driver's license by appellant, with which the justice could have nothing to do; nor would it, under the statute, deprive appellant of the right of appeal in order to clear up his name, if upon reconsideration he desired, even after paying the fine and costs, to resubmit the matter to the twelve jurors of the circuit court, and the learned judge there.

Moreover, let us suppose, appellant, or one in a like situation, after payment of the fine and costs in the court of a justice of the peace, had located other witnesses unknown to him at the time of such payment whose testimony would be relevant, competent, and favorable in a new trial in the circuit court,—would it be fair or within our authority, in the absence of statutory prohibition, to deny him the right of appeal to the circuit court, where, upon a trial de novo, such evidence could be utilized by him there? We think not, since the statute contains no prohibition of appeal from a justice court, even after a plea of guilty, as we have held. Section 1150, Code 1942, denying the right of such appeal, by express terms, limits it to guilty pleas in the circuit court. The difference is well supported by experience and reason.

In the case of Little, Chief of Police, v. Wilson, 189 Miss. 825, 199 So. 72, 73, the defendant in the justice of the peace court had paid half of a hundred dollar fine, when he sought to appeal from the whole sentence, after certain developments there detailed and offered his proper and sufficient appeal bond, approval of which was denied. On a habeas corpus proceeding before the circuit judge, appellant was there ordered to be discharged on tender of a good and sufficient appeal bond, which he did. This Court approved this judgment of the circuit judge on appeal here by the chief of police. In the opinion of the Court, we said that, ''The appeal may be taken to the next term of the Circuit Court at any time before the judgment is completely satisfied; . . .'' In

the case at bar the fine and costs were fully paid, and except for what we have said ante, this statement by the Court would seem to prevent that case from being in point, were it not more clearly and positively clarified further on in the opinion by the broader statement that the statute "clearly recognizes the right of a person who has been convicted in a justice of the peace or police court to be heard in the Circuit Court, *although such judgment may have been executed.* For many reasons this may be a valuable right, because of the fact that conviction of certain crimes imposes civil disqualification on the offender. Hence, the result of a trial in a justice of the peace or police court can in no wise affect the right of appellant to appeal to the higher court. Payne v. State, 101 Miss. 588, 58 So. 532." (Italics ours.)

Since the learned circuit judge was in error in dismissing the appeal and also in refusing to reinstate the case, and granting appellant a trial de novo, we reverse the judgment of the circuit court, and remand the cause there for a trial de novo, according to the statute.

Reversed and remanded.