# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KM-00344-SCT

*LINDA JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/09/2007 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. HOLLY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND REMANDED - 01/10/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND LAMAR, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Aggrieved by the circuit court's dismissal of her appeal from a guilty-plea-conviction in justice court for first-offense DUI and careless driving, Linda Jones seeks review by this Court. We reverse and remand, finding the Circuit Court of Tunica County was in error for failing to allow a trial de novo.

## DISCUSSION

¶2.    Jones's claim of error is that the circuit court abused its discretion by denying her the right to a trial de novo after conviction in a justice court, a claim which is not disputed by the

State.[1]  The right to appeal from any conviction of a criminal offense from justice court is provided under Section 99-35-1 of the Mississippi Code Annotated (Rev. 2007).[2]  The statute makes no exception as to appeals with the inclusive language, "[i]n all cases of conviction of a criminal offense." *Id.*  The statute does not differentiate based upon the manner of conviction, plea or trial, and we are constrained from doing so.  Further, the mandatory language within the statute, "[o]n appearance of the appellant in the circuit court *the case shall be tried anew*" precludes dismissal of an appeal by the circuit court.  *Id.* (Emphasis added).

¶3.	Though this Court has not spoken to this issue in sixty years, we uniformly and consistently have held that any defendant who has been convicted of a criminal offense in a justice court may appeal even though he or she pleaded guilty.  *Neblett v. State*, 75 Miss. 105, 21 So. 799 (1897).  A convicted defendant, although he may have pleaded guilty, may take an appeal to circuit or county court and be granted a trial de novo.  *Little v. Wilson*, 189 Miss. 825, 199 So. 72, 73 (1940).  Pleading guilty in justice court does not estop a defendant from appealing to the circuit court.  *Ball v. State*, 202 Miss. 405, 32 So. 2d 195, 196 (1947).

¶4.	The dissent makes note that there is nothing in the record to show that Jones's plea was not voluntarily and knowingly made.  However, the record must affirmatively show that the plea *was* voluntary and knowingly made.  *Boykin v. Ala.*, 395 U.S. 238, 239-42, 89 S. Ct. 1709, 1710-12, 23 L. Ed. 2d 274, 277-79 (1969) (error to accept a guilty plea on a silent

---

[1]Jones was fined $758.50, sentenced to forty-eight hours in jail (which were suspended), placed on eleven months, twenty-eight days probation, and ordered to attend Mississippi Alcohol Safety Education Program.

[2]See also Rule 12.02(c) of the Uniform Circuit and County Court Rules.

record without any showing that the plea was intelligent and voluntary). The absence of proof is no proof.

¶5. Unlike circuit and county courts, stenographic notes of justice court proceedings are not required. *See* Miss. Code Ann. §§ 9-13-1 to 9-13-63 (Rev. 2002). In this case, there is no transcript or record of any plea colloquy between Jones and the justice court to review constitutional safeguards required for pleas. *See **Dock v. State***, 802 So. 2d 1051, 1054-56 (Miss. 2001) (citing ***Boykin***, 395 U.S. at 239-42). The appellate record contains only a few documents, including the intoxilyzer test, the ticket/affidavit, the waiver of attorney form, and order adjudicating guilt.

¶6. Regardless, statutory authority mandates that Jones's appeal to the circuit court be tried de novo. *See* Miss. Code Ann. § 99-35-1 (Rev. 2007).

## CONCLUSION

¶7. We reverse the judgment of the circuit court dismissing Jones's appeal and remand this case to the Circuit Court of Tunica County for a trial de novo on the merits.

¶8. **REVERSED AND REMANDED.**

**DIAZ, P.J., CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, C.J.**

**EASLEY, JUSTICE, DISSENTING:**

¶9. Linda Jones entered a guilty plea to the charge of DUI first offense and careless driving in the Justice Court of Tunica County, Mississippi. After pleading guilty in justice court, Jones appealed her conviction to the Circuit Court of Tunica County. Circuit Court

3

Judge Albert B. Smith, III, presided over Jones's case. Judge Smith examined whether Jones's guilty plea was voluntary, knowing, and freely given. Nothing in the record was presented to show that the plea was not voluntarily and knowingly made. Jones does not argue that the plea was based on any coercion or misunderstanding. Clearly, Jones admitted her guilt and pleaded guilty. Therefore, no factual dispute is alleged in this case. This Court should not be in the practice of making excuses for those that break the law.

¶10.    Judge Smith declined to allow Jones a de novo review in the circuit court based on the admission and guilty plea. De novo means "anew" or "afresh." Black's Law Dictionary 226 (5th ed. 1983). De novo review allows the court to reexamine the evidence decided by the finder of fact, which is viewed in a light most favorable to the nonmoving party as opposed to being bound by the fact finders' determination. *See Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004); *see also Conrod v. Holder*, 825 So. 2d 16, 18 (Miss. 2002).

¶11.    However, here there is no factual dispute. Jones stated under oath that she was guilty. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Ala.*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12, 23 L. Ed. 2d 274 (1969). She made no assertion that she had been misled or coerced into confessing her guilt when she, in fact, was not guilty. Had she made such an assertion, then even though she had pleaded guilty, there would be a factual dispute for the circuit court to reexamine.

¶12.    Likewise, had Jones pleaded nolo contendere, which means "I will not contest it," or had he been tried and convicted in a bench trial or a jury trial, a factual dispute would then

4

exist, and the conviction could be reexamined.  *See* Black's Law Dictionary 545 (5th ed. 1983). While Mississippi Code Annotated Section 99-35-1 (Rev. 2007) provides for de novo appeal to circuit court from justice court in cases of conviction of a criminal offense, it is illogical to apply that allowance where a guilty plea was undisputably made voluntarily, knowingly, and without coercion or misunderstanding.  Therefore, I do not agree with this Court's holdings in ***Ball v. State***, 202 Miss. 405, 32 So. 2d 195 (1947), and ***Little v. Wilson***, 189 Miss. 825, 199 So. 72 (1940), that a de novo appeal from justice court to circuit or county court is appropriate in every case where there was a guilty plea in justice court, especially in cases where no irregularities in the process are alleged.

¶13.    That being said, I do not in any way disagree that de novo appeal of the evidence is completely proper in cases of nolo contendere, trial, or where the guilty plea is in dispute. However, I am troubled by situations such as this case, where a defendant represents under oath to the court one thing as to the evidence and then asks to be allowed to change his or her position, again under oath, as to the evidence in another court, while making no allegation of irregularities with the process.  What then is the point of allowing guilty pleas in the justice court system, if they can be automatically set aside and the case retried de novo by simply appealing to circuit or county court?  The law should protect the innocent, not the guilty.

¶14.    Nowhere in Jones's appeal does she assert that the justice court rendered an incorrect punishment or legal ruling to justify a de novo review of the law in this case. Nowhere is any dispute raised as to the evidence of her guilt.  *See **Wilson v. State***, 967 So. 2d 32, 41 (Miss. 2007) ("This issue presents a question of law, for which the standard of review is de novo.");

5

*DeLoach v. State*, 722 So. 2d 512, 518 (Miss. 1998) (citing *Rose v. State*, 586 So. 2d 746, 751 (Miss. 1991)); *Harrison County v. City of Gulfport*, 557 So. 2d 780, 784 (Miss. 1990)).

¶15.    I disagree that the outcome reached here was intended by allowing a de novo appeal of a criminal conviction from justice court to circuit or county court.  To allow Jones to escape due to a technicality is a slap in the face of justice.

**SMITH, C.J., JOINS THIS OPINION.**