ROBERTS, J.,
for the Court.
¶ 1. Reginald Fowler pled guilty to careless driving and driving under the influence (DUI), first offense, in the Justice Court of Tunica County. Fowler subsequently appealed to the Circuit Court of Tunica County and requested a trial de novo on the merits. However, the circuit court dismissed Fowler’s appeal. Fowler now appeals to this Court and argues that the circuit court erred in failing to allow a trial de novo. We reverse the judgment of the circuit court and remand this case for a de novo proceeding.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 23, 2006, Fowler was arrested in Tunica County, Mississippi and charged with careless driving and DUI, first offense. Approximately one month later, Fowler pled guilty to both charges and was subsequently found guilty by the Justice Court of Tunica County. Prior to pleading, Fowler signed a waiver of his right to an attorney in accordance with his guilty plea. Fowler filed a motion to set aside the justice court’s judgment, which was summarily denied.
¶ 3. Following his guilty plea and denial of his request to set aside the judgment, Fowler, with the aid of counsel, timely filed an appeal in the Circuit Court of Tunica County for a trial de novo “... pursuant to Rule 12.02 of the [Uniform Rules of Circuit and County Court Practice].” Fowler’s case was set for trial on April 10, 2007. However, following a brief hearing on the day of trial, the circuit judge opined “that when [defendants] plead guilty in [justice court], ... they don’t have the right to appeal.” The circuit court did not grant a de novo trial in Fowler’s case. The circuit court subsequently entered an order affirming the justice court’s judgment and dismissed Fowler’s case, finding that Fowler’s guilty “plea was knowingly, freely, voluntarily, and understandably given and should not be set aside.” Fowler subsequently filed a motion to reconsider with the circuit court. However, his motion was denied.
¶ 4. Feeling aggrieved by the circuit court’s ruling, Fowler now appeals.
ANALYSIS
¶ 5. The standard of review this Court employs when reviewing the ruling of a trial court sitting without a jury is the same standard applied to the ruling of a chancellor. City of Jackson v. Powell, 917 So.2d 59, 68(¶ 34) (Miss.2005). Namely, a trial court’s findings of fact will not be disturbed unless they are clearly erroneous, manifestly wrong, or an erroneous legal standard was applied. Id. However, errors of law will be reviewed de novo. Id.
*1063 WHETHER THE CIRCUIT COURT ERRED IN DENYING FOWLER A TRIAL DE NOVO AFTER HIS GUILTY PLEA IN JUSTICE COURT.
¶ 6. Fowler argues on appeal that he was entitled to a trial de novo in circuit court, regardless of the fact that he pled guilty to the charges against him in justice court. Accordingly, he claims the circuit court erred in holding otherwise. The State does not contest this point, and rightfully so. In Jones v. State, 972 So.2d 579 (Miss.2008), the supreme court recently faced a virtually identical situation and issue. In Jones, the defendant pled guilty in justice court to DUI, first offense, and careless driving. Id. at 580(¶ 1). Jones filed an appeal with the Circuit Court of Tunica County, requesting a trial de novo on the merits of her case; however, the circuit court dismissed her appeal. Id.
¶ 7. The supreme court reviewed the precedential case law and current statutory scheme regarding appeals from a conviction in justice court and held that “any defendant who has been convicted of a criminal offense in a justice court may appeal even though he or she pleaded guilty.” Id. at (¶ 3); see Miss.Code Ann. § 99-35-1 (Rev.2007). Furthermore, such a defendant is entitled to a trial de novo. Id. Therefore, in accordance with Jones and section 99-35-1, we find that the circuit court erred in finding that Fowler was not entitled to a trial de novo following his guilty plea in justice court. Accordingly, we reverse the judgment of the circuit court and remand this case for a trial de novo on the merits. •
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS REVERSED AND THIS CASE IS REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ, CONCUR.