CARLTON, J.,
dissenting:
¶25. I must respectfully dissent from the majority’s finding of no reversible error in the trial court’s dismissal of Williams’s appeal.
¶ 26. Williams appeals the county court’s dismissal of his appeal of his justice court criminal conviction for home-repair fraud. The procedural history reflects that on August 21, 2007, Roslyn Robertson issued an affidavit alleging Greg Williams violated Mississippi Code Annotated section 97-23-103 (Rev.2006) for committing felony-home repair fraud against her in an amount exceeding $5,000. The record reflects that on December 5, 2007, the district attorney’s office declined to prosecute the alleged offense as a felony, but the record shows that the county prosecuted the case in justice court on May 11, 2009, and the justice court convicted Williams in absentia.
¶ 27. On May 9, 2009, Williams’s counsel filed a pretrial motion requesting a delay in his case in justice court. However, on May 11, 2009, the Harrison County Justice Court found Williams guilty, in ab-sentia, and the justice court also sentenced Williams in absentia to serve six months at the county jail, which was suspended upon the completion of six months of reporting probation, the payment of a $500 fine, $145 in assessments, and $5,000 in restitution.
¶ 28. On June 4, 2009, Williams’s counsel filed a notice of appeal with the County Court of Harrison County via facsimile, but failed to file the required appeal bonds until July 9, 2009. Williams had instructed his counsel to appeal the conviction but was unaware that the appeal had not been properly perfected for lack of posting the required bonds. As a result, the appeal was not properly perfected within thirty days of the judgment in compliance with Uniform Rule of Circuit and County Court 12.02 until July 9, 2009, but was instead perfected in fifty-eight days.
¶ 29. Williams’s counsel also filed a motion for an out-of-time appeal on July 8, 2009, acknowledging that the notice of appeal and appropriate attachments, as well as a check for filing fees of $220, were provided to the county court clerk within thirty days of the judgment on June 5, 2009. The motion also asserts that Williams could not attend trial on May 11, 2009, because he was under a federal subpoena, and the motion averred that the county failed to ever lawfully arrest Williams for the justice court charge. The record reflects that after the tardy perfection of the appeal and upon setting a trial date in county court, the county court judge then released Williams’s initial counsel due to conflicts in the attorney-client relationship.
¶ 30. The county court then dismissed the appeal with prejudice on December 7, 2009, on motion of the county prosecutor after finding that Williams failed to properly perfect his appeal within thirty days *898 of conviction in accordance with Rule 12.02. Williams then filed a motion to reconsider and for amendment of the order in county court. In the motion to reconsider, Williams argued that the county court possessed discretion to allow the appeal of his conviction in justice court, and he alleged that he received ineffective assistance of counsel in the prosecution against him in justice court and also in representation post-trial due to his counsel’s failure to timely perfect the appeal of his justice court conviction and sentence. The county court denied Williams’s motion to reconsider its order dismissing his appeal.
¶31. Williams then filed an appeal in the Harrison County Circuit Court, which affirmed the county court’s dismissal of the appeal. Upon review of the appeal, the circuit court determined that the county court and circuit court both lacked discretion to allow Williams’s untimely appeal, since Williams’s appeal was not perfect within thirty days pursuant to Rule 12.02.
¶ 82. Williams now appeals to this Court, requesting reversal of the county court order that dismissed his appeal of his justice court conviction and remand to county court to proceed with his appeal. Appellate courts review de novo an issue regarding “[wjhether a circuit court has jurisdiction to hear a particular matter [as it] is a question of law[.]” Raspberry v. City of Aberdeen, 964 So.2d 1211, 1213 (¶ 7) (Miss.Ct.App.2007) (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 9) (Miss.2001)). Consistent with this precedent, and with respect to the motion to dismiss for an out-of-time appeal in the case at hand, this Court reviews motions to dismiss de novo. Ray v. State, 124 So.3d 80, 81 (¶ 4) (Miss.Ct.App.2013). This Court also reviews a dismissal based on a failure to perfect an appeal utilizing a de novo standard of review, and we also apply de novo standard of review to determine the issue of whether the appellate court possessed jurisdiction. Reeves v. City of Crystal Springs, 54 So.3d 322, 324 (¶ 6) (Miss.Ct.App.2011).
¶ 33. As set forth in Ex parte Grubbs, due process and precedent applicable to justice court appeals allow an appellate court to suspend the procedural rules regarding the time to perfect an appeal in criminal cases in order to prevent manifest injustice and, when necessary, in the interest of justice. In so doing, I submit that this Court must apply the demands of due process to an application of Rule 12.02 to the facts of this case.[8] See Ex parte Grubbs, 80 Miss. 288, 288, 31 So. 741, 742 (1902) (holding that statutory time limitations on appeals from justice court to circuit court do not apply in criminal cases); see also Ball v. State, 202 Miss. 405, 408, 32 So.2d 195, 196 (1947); Little v. Wilson, 189 Miss. 825, 825, 199 So. 72, 72-73 (1940). I acknowledge that this separate opinion applies due-process demands in criminal appeals to Rule 12.02, but for application of due process under these rules, see and compare Mississippi Rule of Appellate Procedure 2(c).[9]
*899 ¶ 34. Rule 12.02 governs appeals from justice and municipal court, and this rule provides that perfecting an appeal to county court from justice court requires the simultaneous filing of a notice of appeal, a cost bond, and an appearance bond or cash deposit within thirty days of the judgment. See URCCC 12.02. As discussed, the Harrison County prosecutor moved to dismiss the appeal in county court, arguing that the appeal had not been perfected until July 8, 2009, and that the appeal therefore failed to comply with Rule 12.02. The record herein reflects that the county court dismissed the case due to Williams’s failure to perfect his appeal within thirty days of the justice court’s judgment, upon finding it possessed no jurisdiction under Rule 12.02. The county court then remanded the case to justice court for the imposition of the sentence. Williams filed a motion to reconsider, which the county court denied. Williams then appealed to the circuit court, which found that the county court properly dismissed the appeal due to Williams’s failure to perfect the appeal in accordance with Rule 12.02, and the circuit court also found no discretion existed under Rule 12.02 to allow the appeal in this criminal case.
¶ 35. A comparison of the application of due process to criminal appeals to Mississippi Rule of Appellate Procedure 2(c) and also a review of precedent applicable to appeals from justice court reflect judicial discretion exists to allow the suspension of the rules in criminal cases where demanded by the interests of justice. Precedent pertaining to appeals from justice court, including Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742, and Ball, 202 Miss. at 408, 32 So.2d at 196, as well as the comment to Mississippi Rule of Appellate Procedure 2(c), recognizes that a criminal defendant’s right to due process protects him from losing his right to appeal for failure to comply with procedural rules for the time period to perfect an appeal when the delinquency or defect in the timely perfection of the appeal was caused by a third party or the defendant’s lawyer and not the fault of-the defendant. See and compare M.R.A.P. 2(c) & cmt.; Williams v. State, 456 So.2d 1042, 1043 (Miss.1984).
¶ 36. I acknowledge that this case is not a case wherein no appeal bonds were ever posted. I further acknowledge that Williams’s appeal was perfected within fifty-eight days of judgment, but not within thirty days from his judgment of conviction in justice court as required by Rule 12.02. This Court has held that “[t]he failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.” Ray, 124 So.3d at 82 (¶ 8). In Ray, this Court affirmed the dismissal of an appeal from justice court where the appellant failed to properly perfect his appeal because he failed to file an appearance bond. Id. at 83 (¶ 12).- In Ray, the appellant filed only the cost bond. In contrast, Williams filed both of the bonds required by Rule 12.02 and perfected his appeal on July 9, 2009, fifty-eight days after conviction.
¶ 37. In the case of Riley v. Town of Lambert, 856 So.2d 721, 723 (¶ 10) (Miss.Ct.App.2003), Riley, like the appellant in Ray, failed to ever file an appearance bond and filed only one of the bonds, a cost bond, which he filed outside of the time limit. Significantly, I submit that this Court in Riley provided that the trial court possessed the discretion to dismiss an appeal therein for failure to comply with Rule 12.02, and this Court found that such discretion was granted to the circuit court *900 by that same rule. Riley, 856 So.2d at 723-24 (¶¶ 10-11).
¶ 38. In deciding whether to dismiss Williams’s appeal, this Court should first examine whether due-process concerns allow for suspension of procedural rules establishing the time for Williams to appeal his criminal conviction from justice court, in order to prevent manifest injustice, as allowed pursuant to Ex parte Grubbs, 80 Miss, at 288, 31 So. at 742, and Ball, 202 Miss. at 408, 32 So.2d at 196. In comparing the application of due process to the rules of appellate procedure, the Mississippi Supreme Court clearly embraced this appellate authority in McGruder v. State, 886 So.2d 1, 2 (¶ 4) (Miss.2003), with respect to the suspension of the Mississippi Rules of Appellate Procedure, stating:
[ W]e may grant an out-of-time appeal “where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.” We may suspend Rules 2 and 4 ‘when justice demands’ to allow an out-of-time appeal in criminal cases.
(Internal citations omitted); compare also Adams v. Day, 212 Miss. 778, 781-82, 55 So.2d 490, 491 (1951).
¶ 39. In further comparison of the application of due-process demands to the Mississippi Rules of Appellate procedure, precedent reflects that in addition to granting out-of-time appeals in criminal cases when demanded by justice, this Court has also acknowledged that in some instances we may exercise discretion and suspend the thirty-day limit for perfecting appeals in criminal cases before this Court to prevent manifest injustice, as allowed by Mississippi Rule of Appellate Procedure 2(c), in the interest of justice. See Parker v. State, 921 So.2d 397, 399 (¶ 5) (Miss.Ct.App.2006). In Parker, this Court held that appellate courts may grant a criminal defendant such an appeal if failure to perfect the appeal was through no fault of his own, and if justice demands. Id., see McGruder, 886 So.2d at 2 (¶ 4). Therefore, to resolve the issues before us on appeal herein, I submit that this Court must determine if Rule 12.02 requires consideration of due-process demands and also allows the discretion to determine whether the interests of justice require the suspension of the rules for the time to perfect an appeal from justice court in order to prevent manifest injustice similar to the Mississippi Rules of Appellate Procedure’s due-process considerations. For this determination, I again turn to the record and precedent to determine if the interests of justice in this case raise sufficient cause to suspend the procedural rule applicable, Rule 12.02, to the period for perfecting the appeal herein to prevent manifest injustice. In so doing, I again acknowledge that Rule 12.02 applies to the appeal herein and that in the precedent of Ex parte Grubbs, the Mississippi Supreme Court recognized that due process indeed provides discretion in appeals from justice court in criminal cases to suspend procedural rules to prevent manifest injustice. See Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742.
¶ 40. As discussed, the record herein shows the justice court tried Williams in absentia on May 11, 2011, over the request for continuance raised by motion from Williams’s counsel. The justice court judgment and sentence were also entered on that date in Williams’s absence, finding him guilty of home-repair fraud. Williams argues that justice court improperly prosecuted him for a felony and imposed a sentence upon him that was outside the authority of justice court to impose for a misdemeanor violation of section 97-23-103. With respect to this claim of an *901 illegal sentence, the record shows that the justice court imposed a six months sentence at the county jail, which was suspended upon the completion of six months of reporting probation, the payment of a $500 fíne, $145 in assessments, and $5,000 in restitution. Section 97-23-103(5) shows that the fine and confinement imposed fall within the punishment authorized for misdemeanor home-repair fraud. The record reflects an affidavit alleging felony home-repair fraud. The record also includes a declination to prosecute as a felony by the district attorney’s office.[10] The record also reflects no initial appearance by Williams in justice court on any misdemeanor charge or any amended charging affidavit. Thus, on its face, the record raises due-process and jurisdictional issues, since justice courts possess no jurisdiction to prosecute felony offenses, and justice court jurisdiction in felony cases is limited to acting as a conservator of the peace to preliminary matters, i.e., determining probable cause, issuing warrants, setting bonds, and conducting initial appearances and preliminary hearings. Miss. Att’y Gen. Op., 96-0301, 1996 WL 306634, Regan (May. 10, 1996).[11] A felony charge can be dismissed and misdemeanor charges then filed in justice court. However, justice court loses jurisdiction when a defendant waives his preliminary hearing, and then the jurisdiction lies in such case with the circuit court. Miss. Att’y Gen. Op., 2003-0364, 2003 WL 21962324, Wood (July 25, 2003).
¶ 41. As stated, the record shows that Williams was tried in absentia despite the pretrial motion for continuance filed by his counsel. The record also shows that Williams requested his counsel to appeal the justice court judgment and sentence. His counsel filed Williams’s notice of appeal and filing fee on June 4, 2011, within thirty days of the justice court judgment, but failed to properly perfect the appeal and file the required bonds within thirty days, in accordance with Uniform Rule of Circuit and County Court 12.02. The record also reveals conflict and communication problems between Williams and his counsel.
¶42. Williams’s counsel filed a motion for an out-of-time appeal on July 8, 2009, arguing Williams could not attend trial on May 11, 2009. due to a federal court subpoena, and that success on appeal was likely. The motion also seems to argue that Williams was never lawfully arrested or charged with a misdemeanor charge of home-repair fraud. Again, in considering the facts of this case, I acknowledge that since Williams’s initial counsel indeed perfected his appeal delinquency on July 9, 2009, with the required bonds and fees, this case is factually distinguished from cases wherein the appellant failed to ever post one or both bonds. I also acknowl *902 edge due-process concerns reflected on the face of the record.
¶ 43. Relative to the time to perfect the appeal, the record reflects Williams’s brief asserts that the post office returned numerous letters to him that he had sent to his initial trial counsel, and Williams’s relationship with his counsel involved communication problems and conflict. The record is clear, however, that Williams requested his counsel to appeal the conviction and sentence imposed upon him in absentia. Eventually the county court allowed Pittman, Williams’s counsel, to withdraw on August 28, 2009. Williams then retained new counsel in November 2009. The county court took no action on Williams’s motion for an out-of-time appeal after the Harrison County prosecutor filed a motion to dismiss the appeal for the failure of Williams’s first counsel to perfect a timely appeal with the required cost bond in accordance with Rule 12.02.[12] A review of the record shows that both the circuit court and county court reviewed this case pursuant to Rule 12.02. Neither court applied the discretion provided by the demands of due process recognized by Ex parte Grubbs in criminal appeals from justice court; hence both found no discretion existed under such procedural rule to extend or suspend the procedural rules for the time for perfecting or granting the appeal of Williams’s criminal conviction.[13] However, precedent regarding criminal appeals from justice court shows that due process indeed provides judicial discretion exists to prevent manifest injustice. See Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742 (finding discretion to waive time to appeal from justice court); see also Ball, 202 Miss. at 408, 32 So.2d at 196; Little, 189 Miss. at 825, 199 So. at 72-73. In Ex parte Grubbs, the Mississippi Supreme Court acknowledged that the statutory time period for appeal from justice court did not apply in criminal cases. Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742.
¶ 44. The record reflects no dispute as to the fact that Williams obtained a delinquent cost bond on July 9, 2009, or that Williams’s initial counsel sought a continuance in the trial by motion in justice court that was denied, resulting in a trial conviction in absentia. The county prosecutor filed no response to Williams’s motion for an out-of-time appeal and provided no response to the proffer in Williams’s motion for an out-of-time appeal asserting that Williams could not attend the trial in justice court on May 11, 2009, due to a federal district court subpoena.
¶ 45. As acknowledged, neither the county nor circuit court determined whether in their discretion if the interests of justice in this criminal appeal warranted suspension of the rules for the time to perfect an appeal to allow Williams to proceed to prevent manifest injustice since his appeal was perfected, albeit with tardy bonds. See and compare M.R.A.P. 2(c); McGruder, 886 So.2d at 2 (¶ 5); see also Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742; see also Ball, 202 Miss. at 408, 32 So.2d at 196; Little, 189 Miss. at 825, 199 *903 So. at 72-73.[14] I, however, have reviewed the record to determine if the demands of due process provide such discretion, and whether the record establishes sufficient due-process concerns, to suspend the procedural rule Rule 12.02 for the time to perfect a criminal appeal from justice court herein to prevent manifest injustice and the forfeiture of Williams’s right to appeal his conviction. Based upon that review, I find that upon the due-process concerns and sufficient good cause established herein, justice demands suspension of the applicable rule of procedure, Rule 12.02, for the time to perfect the instant criminal appeal from justice court herein to prevent manifest injustice.[15]
¶ 46. In so doing, I acknowledge the record reflects no fault of Williams in the delay of the perfection the appeal of his criminal conviction from justice court to county court. In the interest of justice, as acknowledged in Ex parte Grubbs, and upon finding sufficient cause in the record exists to suspend Rule 12.02, the procedural rule for perfecting the appeal from justice court in this criminal case, to allow Williams’s appeal, I submit reversal of the order of the Harrison County Court dismissing Williams’s appeal of his criminal conviction is proper. I would therefore remand this case to the county court to proceed with Williams’s appeal. See Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742; see also Ball, 202 Miss. at 408, 32 So.2d at 196; Little, 189 Miss. at 825, 199 So. at 72-73; compare M.R.A.P. 2(c) (appellate court possesses authority to suspend the procedural rules in criminal cases in the interest of justice and may order proceedings in accordance with our diseretion). Accordingly, I respectfully dissent from the majority’s opinion.
IRVING, P.J., JOINS THIS OPINION. BARNES AND JAMES, JJ., JOIN THIS OPINION IN PART.

. This opinion does not apply the Mississippi Rules of Appellate Procedure to resolve this appeal, but merely references them for comparison of the application of due-process demands to the interests of justice in criminal appeals.

. See and compare the application of due process in Mississippi Rule of Appellate Procedure 2(c), which states:
In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil *899 cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.

. During the argument to the circuit court on appeal, the county prosecutor claimed that the felony affidavit had been amended to a misdemeanor. The transcript shows that the county prosecutor alleged that he wrote a notation on the original affidavit and made a motion to amend the original affidavit. The transcript also references that the motion to amend was granted in February 2009, the same date as the preliminary hearing on the felony charge; however, no amended misdemeanor affidavit appears in the record before us. The original felony affidavit appears in the record, with unidentified handwriting stating that the charge will be prosecuted as a misdemeanor, along with a notation that reads "Granted 2/5/09.” However, the record fails to contain an order by the justice court granting the amendment; an amended affidavit reflecting that Williams would instead be charged with a misdemeanor; or any misdemeanor sworn charges.

. See also Miss.Code Ann. §§ 99-37-3 (Rev.2007), 99-33-1 (Rev.2007), and 9-11-9 (Supp.2013) for justice court jurisdictional limits.

. Rule 12.02 was amended in 2007 to reflect that filing only one bond does not perfect an appeal. The current version of Rule 12.02 provides that the written notice of appeal and posting of cost bond and appearance bond or cash deposit perfects the appeal. See URCCC 12.02(a)(1); see also Nelson v. State, 72 So.3d 1038, 1041-42 (¶ 11) (Miss.2011); Ray, 124 So.3d at 82 (¶ 8). But see McGruder, 886 So.2d at 2 (¶ 4) (Appellate courts "may suspend Rules 2 and 4 'when justice demands’ to allow an out-of-time appeal in criminal cases.”). Ex parte Grubbs, 80 Miss, at 288, 31 So. at 742 (statutory time limits on appeals from justice court to circuit court do not apply in criminal cases).

. But see McGruder, 886 So.2d at 2 (¶ 4).

. For other cases applying Mississippi Rule of Appellate Procedure 2(c) in criminal cases, see Williams v. State, 107 So.3d 1016, 1018 (¶¶ 4-5) (Miss.Ct.App.2012); Parker, 921 So.2d at 399 (¶ 5).

. See Ex parte Grubbs, 80 Miss. at 288, 31 So. at 742; see also Ball, 202 Miss. at 408, 32 So.2d at 196; Little, 189 Miss. at 825, 199 So. at 72-73.