# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01668-COA

**DOUGLAS M. MAGEE**                                                                                      **APPELLANT**

**v.**

**CITY OF MENDENHALL, MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:              09/20/2013
TRIAL JUDGE:                          HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:  SIMPSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DOUGLAS M. MAGEE (PRO SE)
ATTORNEY FOR APPELLEE:         L. WESLEY BROADHEAD
NATURE OF THE CASE:             CIVIL - OTHER
TRIAL COURT DISPOSITION:       AFFIRMED PARKING VIOLATION AND
                                             FINED APPELLANT $250; HELD APPEAL
                                             OF THE CONSTITUTIONALITY OF THE
                                             PARKING ORDINANCE WAS UNTIMELY
DISPOSITION:                          REVERSED AND RENDERED - 03/10/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    Douglas Magee appeals the Simpson County Circuit Court's judgment finding that he failed to timely appeal the constitutionality of a parking ordinance and ordering him to pay a $250 fine for violating the parking ordinance. On appeal, Magee raises the following issues: (1) whether the ordinance is unconstitutional; (2) whether the circuit court erred by denying him a trial de novo; (3) whether the circuit court erred by failing to issue an attachment for a witness; and (4) whether the circuit court's judgment is contrary to the law and against the weight of the evidence. Finding that the City of Mendenhall, Mississippi,

failed to meet its burden to prove guilt in a trial de novo, we reverse and render Magee's conviction for violating the parking ordinance.

**FACTS**

¶2. The Mendenhall Board of Aldermen (Board) passed Ordinance 256 to prohibit parking for more than four hours in certain areas of downtown Mendenhall. On March 27, 2013, the Mendenhall Municipal Court fined Magee $100 for violating Ordinance 256. Magee subsequently filed a timely notice of appeal with the circuit court on April 11, 2013, seeking a trial de novo.

¶3. At the hearing on Magee's appeal, the circuit court judge determined that Magee sought to challenge the constitutionality of Ordinance 256 rather than to contest the municipal court's ruling that he violated the ordinance. Finding Magee's appeal as to the constitutionality of Ordinance 256 to be untimely, the circuit court judge refused to rule that the ordinance was unconstitutional. However, the circuit court judge allowed Magee to make a record for appeal. A review of the record reflects that Mendenhall failed to offer any evidence during the hearing to support Magee's conviction for violating the parking ordinance.

¶4. After allowing Magee to make a record for appeal, the circuit court judge found the following:

1. That [Magee] did not intend to attack his verdict of guilty[] but[,] instead, attacked the constitutionality of the said ordinance.

2. After hearing testimony adduced from the witness stand by [Magee], it was clear to this court that [Magee] was attacking the constitutionality

2

of the said ordinance in spite of the fact that this [c]ourt explained to [Magee] that it was not going to decide that the ordinance was unconstitutional.

3. The [c]ourt found that the evidence presented by [Magee] was the same evidence he would have presented at a trial [through] the same witnesses.

4. That this [c]ourt heard enough evidence to make [its] decision without further delay.

5. After hearing the evidence presented by [Magee], the [c]ourt found that there was enough evidence to find [Magee] guilty of the violation of the aforesaid ordinance and further fined [Magee] $250.00.

6. The [c]ourt further found that the ordinance was constitutional.

¶5. Aggrieved by the circuit court's ruling, Magee appeals to this Court and asks us to reverse and remand for a trial de novo or to dismiss with prejudice the charge against him.

## STANDARD OF REVIEW

¶6. When reviewing the ruling of a trial court sitting without a jury, this Court will not disturb the trial court's findings of fact unless they are clearly erroneous or manifestly wrong, or the trial court applied an erroneous legal standard. *Fowler v. State*, 981 So. 2d 1061, 1062 (¶5) (Miss. Ct. App. 2008). However, we review issues of law de novo. *Id.*

## DISCUSSION

¶7. Mississippi caselaw recognizes that, after being convicted in municipal court of violating Ordinance 256, Magee possessed the right to appeal his conviction to circuit court and to receive a trial de novo. *See Jones v. State*, 972 So. 2d 579, 580 (¶¶2-3) (Miss. 2008). *See also* URCCC 5.01 ("Direct appeals from justice court and municipal court shall be by

3

trial de novo."). As our precedent further provides, Mendenhall bore the burden of proving beyond a reasonable doubt during a trial de novo that Magee violated the parking ordinance. *See generally Meeks v. State*, 800 So. 2d 1281, 1283 (¶13) (Miss. Ct. App. 2001) ("Appeals from justice court to circuit court are tried de novo[] and still require that the State go forward with the burden of proof of beyond a reasonable doubt." (citing *Ball v. State*, 202 Miss. 405, 406, 32 So. 2d 195, 196 (1947))).

¶8. In the present case, Mendenhall filed a motion to quash the subpoenas for three of Magee's defense witnesses and asked that the circuit court judge prohibit Magee from proceeding on his motion to dismiss. Mendenhall argued that Magee sought to dismiss his misdemeanor conviction and the related municipal-court judgment by challenging the constitutionality of Ordinance 256. Mendenhall asserted, however, that the constitutionality of the underlying parking ordinance was not relevant to Magee's appeal of his misdemeanor conviction or the trial de novo before the circuit court.

¶9. Mendenhall further argued that Magee failed to comply with Mississippi statutory law by failing to file a challenge to Ordinance 256 within the ten days following the Board's June 5, 2012 order adopting and enacting the ordinance. *See* Miss. Code Ann. § 11-51-75 (Rev. 2012). Mendenhall therefore asserted that the circuit court should prohibit Magee from calling any witnesses and presenting any evidence regarding the ordinance's constitutionality. Magee responded by arguing that the ordinance was unconstitutional "as applied," and he contended that he had appealed his misdemeanor conviction for violating the parking ordinance within the statutorily provided period of thirty days. *See* URCCC

4

5.04.

¶10.    Magee explained to the circuit court that he anticipated calling eleven defense witnesses, and he noted that Mendenhall's motion to quash only pertained to three of the witnesses, all of whom were municipal Board members.  Although the circuit court judge refused to rule on the constitutionality of the parking ordinance, he explained that he would still allow Magee to call his defense witnesses to preserve the issue for appellate review. After Magee concluded with his witnesses, Mendenhall's attorney announced that he had no witnesses to call on Mendenhall's behalf and that the prosecution rested.  After allowing Magee to make a record for appeal, the circuit court judge found that Magee had violated the parking ordinance and fined Magee $250.

¶11.    Following the circuit court judge's ruling, Magee requested to be heard on his remaining motions, including his motion to dismiss. The circuit court judge denied Magee's motion to dismiss and his motion to exclude prejudicial information but granted Magee's motion to record the proceedings.  Although noting that a ruling on Magee's motion for pretrial discovery was too late, the circuit court judge nevertheless stated that the motion was granted.  The circuit court judge also granted Magee's motion to reveal information as to any informants, though he acknowledged that there had been no such informants in Magee's case. After asserting that the hearing had pertained only to motions, Magee requested a speedy trial date for his trial de novo on his appeal from municipal court.  The circuit court judge responded, however, that Magee's trial had just taken place and stated that Magee could appeal the circuit court's judgment finding him guilty of violating the parking ordinance.

5

¶12. Our review of the circuit-court proceedings reflects that Magee called several witnesses to make a record for appeal. However, in its prosecution of this case in the circuit court's trial de novo, Mendenhall neither called any witnesses of its own nor presented any evidence to show that Magee actually violated Ordinance 256. As a result, we find that Mendenhall failed to meet its burden of proof for a trial de novo to show beyond a reasonable doubt that Magee violated the parking ordinance. Because Mendenhall failed to satisfy its burden of proof in the circuit court's trial de novo, insufficient evidence existed upon which the circuit court could base its judgment affirming Magee's municipal-court conviction. We therefore reverse and render Magee's conviction for violating Ordinance 256.

¶13. **THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**